[Cite as *State v. Portis*, 2011-Ohio-2429.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-95 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 07-CR-1063B |
| v. | : | 03-CR-1064 |
| | : | |
| ZACKENE PORTIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of May, 2011.

. . . . . . . . . . .

AMY M. SMITH, Atty. Reg. #0081712, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

ZACKENE PORTIS, #576-231, Ross Correctional Institution, Post Office Box 7010, Chillicothe, Ohio 45601
      Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Zackene Portis appeals from an order of the trial court denying his motion to vacate a one-year sentence imposed in Clark County Common Pleas Case No. 07-CR-1063B as a sanction for violating post-release control imposed in Clark County Common Pleas Case No. 03-CR-1064. Portis contends that because the post-release

control imposed in the 2003 case was defective, it was void, was not subject to principles of res judicata, and remained subject to collateral attack at any time. We agree.

{¶ 2} The State argues that this issue is moot, because Portis was sentenced to eight years for Robbery in the 2007 case, to be served consecutively to the one-year sentence for the post-release control violation, which was to be served first, and more than one year has elapsed since the sentence was imposed. We disagree. Portis can only be held in prison for a total of nine years, pursuant to the sentences imposed in the 2007 case, if both components of the consecutive sentence remain intact – the eight-year sentence for Robbery, and the one-year sentences for the post-release control violation. He has not served the full nine years. Therefore, the issue is not moot.

{¶ 3} That part of the judgment of the trial court imposing a one-year sentence for the post-release control violation is Reversed and vacated, and this cause is Remanded for the trial court to cause the appropriate authorities to be notified of the modified sentence.

I

{¶ 4} In 2004, in Clark County Common Pleas Case No. 03-CR-1064, Portis pled guilty to Robbery, a felony of the second degree. He was sentenced to two years imprisonment. The judgment entry included the following provision relating to post-release control:

{¶ 5} "The Court has informed defendant that post release control is mandatory in this case *up to a maximum of three years*, as well as the consequences for violating conditions of post release control imposed by the Parole Board. Defendant is ordered to serve, as   part

of this sentence, *any such term of post release control* and any prison term for violation of that post release control." (Emphasis added.)

{¶ 6} In 2007, in Clark County Common Pleas Case No. 07-CR-1063B, Portis was charged by indictment with Robbery. Portis had evidently completed serving his two-year sentence for the 2004 Robbery conviction. The facts involved in the 2007 Robbery case are set forth in *State v. Portis*, Clark App. No. 2008 CA 22, 2009-Ohio-1776, in which we affirmed his conviction in that case. Portis was sentenced in that case to eight years for the Robbery, and to one year for his violation of the post-release control sanction imposed in the 2004 case, to be served consecutively. No issue was raised in his direct appeal from that sentence concerning the one-year sentence for violation of the post-release control sanction.

{¶ 7} On August 26, 2010, Portis filed the motion with which this appeal is concerned. In it, he argued that because the trial court had not properly imposed a post-release control sanction in the 2004 case, that post-release control sanction was void. He sought vacation of the one-year sentence for violation of the post-release control sanction. The trial court overruled his motion.

{¶ 8} From the overruling of his motion to vacate the one-year sentence imposed for violation of the post-release control sanction, Portis appeals.

I

{¶ 9} Portis's sole assignment of error is as follows:

{¶ 10} "JUDGMENT OF CONVICTION AND SENTENCE ARE VOID FOR FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS AND THUS THE

ACCUSED HAS BEEN DEPRIVED OF HIS RIGHT TO DUE PROCESS IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES."

{¶ 11} Portis's argument is simple. He argues that the trial court, in the 2004 Robbery case, was required to impose post-release control for a period of three years, not "up to" three years. He relies upon *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, for the proposition that an improperly imposed sentence of post-release control is not merely voidable, but void.

{¶ 12} *State v. Bezak*, supra, was modified in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, but only to the extent that it is just the post-release-control part of the sentence – not the rest of the sentence, and not the underlying conviction – that is void because it is defective. In *State v. Fischer*, supra, the Supreme Court of Ohio stated its holding in its opening paragraph:

{¶ 13} " * * * A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at an time, on direct appeal or by collateral attack. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id., ¶ 1.

{¶ 14} This holding is clear enough, and forces us to reject the State's argument that Portis is barred from challenging the propriety of the post-release control imposed in the 2004 case by virtue of res judicata, because he could have, but did not, raise that issue in his direct

appeal from the sentence imposed in his 2007 case, which included a one-year sentence for the post-release control violation.

{¶ 15} The State's other argument (quoted verbatim) is that this issue is moot:

{¶ 16} "The prison term imposed for violating the terms of post-release control is part of the punishment for the offense in the original conviction. *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661 at ¶¶ 24-26. Because Portis's one year sentence for committing a felony in violation of the terms of his post-release control is punishment for the 03-CR-1064 offense, it should be served prior to any sentence imposed for the new felony conviction in 07-CR-1063B. In case 07-CR-1063B, Portis was sentenced on March 18, 2008 and was given credit for time served. Portis has completed the one year imposed for his violation of post-release control. Thus, his argument is moot because he has served his full sentence on the violation."

{¶ 17} *State v. Martello*, supra, involved a double-jeopardy attack on a post-release control sanction. The Supreme Court of Ohio held that there was no violation of the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, because the post-release control sanction remained part of the sentence imposed for the prior offense, and the new sentence was imposed for the subsequent offense. Thus, the two terms of imprisonment were not two punishments imposed for the same offense.

{¶ 18} Even if the implication of the holding in *State v. Martello*, supra, is that a post-release control sanction must be served before a sentence imposed for a subsequent offense is served, we still find the State's argument unpersuasive. The concept of mootness on appeal is that there is no meaningful remedy that the appellate court can provide in the

event of a reversal. In the criminal sentence context, it is a recognition that once the defendant has been released from prison on a sentence that is challenged on appeal, there is no way the court of appeals can give him back the time served in prison. In the case before us, the consecutive sentences imposed by the trial court in its judgment entry filed on March 20, 2008, constitute authority for Portis to be imprisoned for a total of nine years. That authority depends upon both sentences remaining intact. If the eight-year sentence were vacated, Portis could only be imprisoned for one year; conversely, if the one-year sentence is vacated, Portis can only be imprisoned for eight years. Until the full nine years have been served, a reversal of either sentence can afford meaningful relief.

{¶ 19} In the case before us, we agree that Portis's one-year sentence for violating the terms of his post-release control must be vacated, because the post-release-control portion of his 2004 sentence is not merely voidable but void. It follows that any sentence imposed as a sanction for a violation of that post-release control is also void, and subject to vacation. See *State v. Gingell*, ____ Ohio St.3d ____, 2011-Ohio-1481, in which a sentence for violating an address verification requirement under the Adam Walsh Act (R.C. 2950.031 and 2950.032) was reversed upon the ground that application of that act to that defendant was unconstitutional, under *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, even though the defendant in *Gingell* had pled guilty to the violation and had not raised the *Bodyke* separation-of-powers issue in either the trial court or the court of appeals.

{¶ 20} Portis's sole assignment of error is sustained.

### III

{¶ 21} Portis's sole assignment of error having been sustained, that part of the

judgment of the trial court imposing a one-year sentence for the post-release control violation is Reversed and vacated, and this cause is Remanded for the trial court to cause the appropriate authorities to be notified of the modified sentence.

. . . . . . . . . . . . .

DONOVAN and KLINE, JJ., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Amy M. Smith
Zackene Portis
Hon. Douglas M. Rastatter