[Cite as *State v. Portis*, 2011-Ohio-6495.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 10CA0115 |
| vs. | : | T.C. CASE NO. 07CR1063 |
| ZACKENE S. PORTIS | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

# O P I N I O N

**Rendered on the 16th day of December, 2011.**

· · · · · · · · ·

Andrew Wilson, Prosecuting Attorney; Andrew R. Picek, Asst, Pros. Attorney, Atty. Reg. No. 0082121, 50 E. Columbia Street, 4th Floor, P.O. Box 1608, Springfield, OH 45501
      Attorneys for Plaintiff-Appellee

Mark J. Miller, Atty. Reg. No. 0076300, 555 City Park Avenue, Columbus, OH 43215
      Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   In 2008, Defendant-Appellant Portis was convicted, following a jury trial, of complicity to commit robbery.   We affirmed his conviction and eight year sentence on direct appeal.   *State v. Portis,* Clark App. No. 2008CR22, 2009-Ohio-1776 ("*Portis I*").

{¶ 2}   Following our decision in *Portis I*, Defendant moved to vacate his judgment of

conviction for failure to comply with Crim.R. 32(C), because the judgment did not specify that his conviction resulted from a jury verdict. The trial court overruled Defendant's motion. Defendant appealed.

{¶ 3} In *State v. Portis*, Clark App. No. 10CA0045, 2010-Ohio-5287 ("*Portis II*"), we dismissed the appeal Defendant filed. We held that the failure to specify the manner of Defendant's conviction, a jury verdict, was a failure to comply with Crim.R. 32(C) that rendered the judgment non-final. We further held that a failure to specify the terms of post-release control the court imposed and the potential penalty for its violation likewise was a failure to comply with Crim.R. 32(C) because "[p]ost release control was an element of the sentence the court imposed." *Id*., at ¶9.

{¶ 4} Following our decision in *Portis II*, on November 1, 2010, the trial court journalized an amended judgment of conviction, sua sponte, correcting the two Crim.R. 32(C) defects we identified in Portis II. Defendant appealed from that final judgment on December 1, 2010.

FIRST ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO USE A PEREMPTORY CHALLENGE IN A RACIALLY DISCRIMINATORY MANNER IN VIOLATION OF THE APPELLANT'S EQUAL PROTECTION RIGHTS."

THIRD ASSIGNMENT OF ERROR

{¶ 6} "THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO THE UNITED STATES AND OHIO CONSTITUTIONS."

FOURTH ASSIGNMENT OF ERROR

{¶ 7} "THE TRIAL COURT ERRED IN EXCLUDING APPELLANT'S JURY INSTRUCTION FOR COMPLICITY BECAUSE THE JURY INSTRUCTION GIVEN DID NOT EXPRESSLY INCLUDE THE REQUISITE MENTAL STATE FOR THE CHARGE OF COMPLICITY."

FIFTH ASSIGNMENT OF ERROR

{¶ 8} "THE STATE OF OHIO PRESENTED INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION FOR COMPLICITY AND THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL."

SIXTH ASSIGNMENT OF ERROR

{¶ 9} "THE APPELLANT'S CONVICTION FOR COMPLICITY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

SEVENTH ASSIGNMENT OF ERROR

{¶ 10} "APPELLANT'S STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HIS INDICTMENT DID NOT CHARGE THE MENS REA ELEMENT OF THE CRIME OF ROBBERY AND HE WAS CONSEQUENTLY TRIED AS THOUGH ROBBERY WAS A STRICT LIABILITY OFFENSE."

EIGHTH ASSIGNMENT OF ERROR

{¶ 11} "APPELLANT'S ORIGINAL SENTENCE IS NOT CONSISTENT WITH

SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS, AS REQUIRED BY R.C. 2929.11."

{¶ 12} The foregoing assignments of error implicate matters that could have been raised or were raised in Defendant's prior merit appeal in *Portis I*. The State has moved to dismiss the appeal on that account, at least to the extent of the foregoing assignments of error.

{¶ 13} The doctrine of res judicata provides that "[a] valid, final judgment rendered on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Township* (1995), 73 Ohio St.3d 379, Syllabus by the Court. The doctrine, as applied to claims, has historically been called estoppel by judgment in Ohio. *Id.* Res judicata is not a basis for dismissal of a claim. Rather, it is a basis on which courts rely to preclude adjudication of a claim or claims.

{¶ 14} Subsequent to our decision in *Portis II,* on October 29, 2010, the Supreme Court of Ohio decided two cases relevant to the State's res judicata argument.

{¶ 15} On December 23, 2010, the Supreme Court rendered its decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the trial court had failed to notify the defendant of the terms of his post release control, which the court is required by R.C. 2929.19(B) to do at the sentencing hearing. The Supreme Court held, in the Syllabus by the Court:

{¶ 16} "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶ 17} "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶ 18} "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶ 19} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶ 20} On October 13, 2011, the Supreme Court rendered its decision in *State v. Lester*, __ Ohio St.3d ___, 2011-Ohio-5204. Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence," The defendant in *Lester* argued that his judgment of conviction was void, and therefore not a final order per *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, because the judgment did not specify that his conviction resulted from a plea or verdict. The Supreme Court rejected that argument and held, in the Syllabus by the Court:

{¶ 21} "1. A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R.32(C), explained; *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)

{¶ 22} "2. A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final

order from which a new appeal may be taken."

{¶ 23} *Lester* reasoned that the four elements of a judgment of conviction set out in paragraph 1 of its Syllabus are necessary to make a Crim.R. 32(C) judgment of conviction a final, appealable order, because they put the defendant on notice of his right of appeal. Whether the conviction resulted from a plea, a verdict, or findings, the "manner of conviction," does not so function. And, they are matters known to the defendant in any event. Therefore, omission from the judgment of conviction of the manner of the defendant's conviction may be corrected by entering a corrected judgment of conviction nunc pro tunc.

{¶ 24} The holding in *Lester* effectively reversed our holding in *Portis II* that omission of the manner of Defendant's conviction from his original judgment of conviction rendered that judgment non-final. The further issue is whether omission of the terms of Defendant's post release control requirements from that judgment of conviction rendered it non-final because, as we held in *Portis II*, post release control is an element of the defendant's sentence which, per *Lester,* is necessary to create a final order for purposes of R.C. 2505.02. If the judgment of conviction was not final, res judicata cannot bar our review of the seven assignments of error concerned.

{¶ 25} The answer to that inquiry, we believe, lies in *Fischer*, which limited the effect of a post release control defect to that element of a defendant's sentence and held that "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuring conviction." Syllabus, paragraph three. On that basis, the court could correct the omission of the post release control requirements it had imposed from the judgment of conviction through an order nunc pro tunc. *Lester*.

{¶ 26} In the present case, the court did not style its amended judgment of conviction an order nunc pro tunc. It was, instead, a new order which was final and appealable with respect to the terms of post release control the judgment contained. *Fischer*. There is no claim that the amended judgment varied in any other respect from the original judgment of conviction. To the extent that the two are identical in those respects, the other terms of the amended order are surplusage. Further, per *Fischer*, res judicata bars the error Defendant assigns in the present appeal with respect to the merits of his conviction and the sentence the court otherwise imposed in its original judgment of conviction, because in those respects the original judgment of conviction was a valid final order. *Grava v. Parkman Township*.

{¶ 27} The first, third, fourth, fifth, sixth, seventh, and eighth assignments of error are overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 28} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF ONE YEAR IN PRISON FOR VIOLATION OF POST-RELEASE CONTROL BECAUSE APPELLANT WAS NOT PROPERLY NOTIFIED OF POST-RELEASE CONTROL AND THEREFORE THE ADULT PAROLE AUTHORITY DID NOT HAVE AUTHORITY TO SUPERVISE APPELLANT."

{¶ 29} When the court imposed Defendant's sentence in the present case, Case No. 07CR1063, the court also imposed a consecutive one-year prison term for Defendant's resulting violation of post release control requirements imposed on Defendant in connection with his prior conviction in Case No. 03CR1064. The court again imposed the one-year sentence in the amended judgment of conviction from which this appeal was taken.

**{¶ 30}** Defendant argues that the court lacked authority to impose that one-year sentence because he had not been notified of post release control requirements in Case No. 03CR1064. We do not have the record in Case No. 03CR1064 before us in the present appeal. However, the State confesses the error Defendant assigns.

**{¶ 31}** The State argues that the error is nevertheless moot because, subsequent to the final order from which this appeal was taken on December 1, 2010, the trial court on July 1, 2011, amended its judgment of conviction a second time to remove the one-year sentence. It appears that the court did so in compliance with our mandate in another appeal, *State v. Portis*, Clark App. No. 2010CA95, 2011-Ohio-2429. Nevertheless, because the present appeal was pending, the court lacked jurisdiction to do that. See, *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94. Because of that lack of jurisdiction, the court's order rescinding Defendant's one-year conviction is void and a legal nullity. The second assignment of error is sustained. The present case will be remanded to the trial court to enter another order omitting the one-year sentence.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Andrew R. Picek, Esq.
Mark J. Miller, Esq.

Hon. Douglas M. Rastatter