[Cite as *State v. Portis*, 2013-Ohio-1822.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

ZACKENE PORTIS

      Defendant-Appellant

Appellate Case No.   2012-CA-76

Trial Court Case No.   2007-CR-1063B

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 3rd day of May, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 E. Columbia St., 4th Floor, P.O. Box 1608, Springfield, OH 45501
     Attorney for Plaintiff-Appellee

CHRISTOPHER C. BAZELEY, Atty. Reg. No. 0077473, 5041 Glenway Ave., Cincinnati, OH 45238
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Zackene Portis, appeals from a trial court order denying his motion for leave to file a delayed motion for a new trial. Portis contends that he was unavoidably prevented from filing a timely motion for new trial, and that the trial court, therefore, abused its discretion in denying the motion.

**{¶ 2}** We conclude that the trial court did not abuse its discretion when it overruled the motion for leave to file a delayed motion for new trial. Portis failed to present clear and convincing evidence that he was unavoidably prevented from discovering the evidence within the time set forth in Crim.R. 33(B). Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

**{¶ 3}** After a jury trial held in March 2008, Zackene Portis was found guilty of Complicity in the Commission of Robbery, in violation of R.C. 2923.03(A)(2) and R.C. 2911.02(A)(2). Portis was sentenced to eight years in prison, and also received an additional one-year sentence for a post-release control violation, which was to be served consecutive to the eight-year term. We affirmed Portis's conviction in April 2009. See *State v. Portis*, 2d Dist. Clark No. 2008 CA 22, 2009-Ohio-1776. A full recitation of the factual background can be found in our opinion. *See, id.* at ¶ 2-17.[1]

**{¶ 4}** Without repeating the entirety of the facts in our prior opinion, we note that on October 20, 2007, Portis and his brother, Jaryld, attempted three times to enter a bar called G.Z. Pete's, which was located in Springfield, Ohio. However, they were refused entrance by

---

[1] In later decisions, we held that Portis's one-year sentence for violating the terms of his post-release control must be vacated. See *State v. Portis*, 2d Dist. Clark No. 2010-CA-95, 2011-Ohio-2429, ¶ 19 (ruling on appeal of denial of post-conviction motion to vacate), and *State v. Portis*, 2d Dist. Clark No. 10CA0115, 2011-Ohio-6495.

doorkeeper, Danielle Bartley, because they refused to show identification. *Id.* at ¶ 2. When the men returned the third time, Portis held the door open with his backside, and appeared to be scanning the bar. *Id.* at ¶ 3 and 6. Suddenly, Jaryld grabbed Bartley's money bag, which contained over $1,000. Jaryld threw Bartley to the ground, and took off with the money. *Id.* at ¶ 3.

**{¶ 5}** A patron at the bar, Chad Robinson, heard Bartley say that "He gots the money. He gots the money." *Id.* at ¶ 13. Robinson observed Bartley getting off the ground, and started running behind her. However, when Robinson got to the door, Portis tripped him, and Robinson fell down, " ' from the inside to the outside, through the door.' " *Id.* The witnesses also indicated that Portis was the only person in the area when Robinson was tripped. *Id.* at ¶ 22.

**{¶ 6}** Portis presented evidence from two witnesses who stated that they did not see Portis trip Robinson. *Id.* at ¶ 16-17. After considering the facts, we concluded that the evidence was legally sufficient to support Portis's conviction. *Id.* at ¶ 22-24.

**{¶ 7}** In August 2012, Portis filed a motion for leave to file a delayed motion for new trial, based on newly discovered evidence. Portis attached several affidavits, including his own, to the motion.

**{¶ 8}** The "newly discovered evidence," according to Portis, was the existence of two witnesses, Jaime Lee Buck and Heather Schoneberger. These individuals had been named in a police report about the robbery, but they did not testify at trial.

**{¶ 9}** Buck and Schoneberger are two women who were with Portis, Jaryld, and another individual named JaJuan on the night of the robbery. Portis indicated in his motion that

Buck was questioned on the night of the robbery and told the police that the driver of the alleged get-away vehicle was an individual named "Ja'Uan."[2]  According to Portis, this evidence is relevant because two "suspects" were named in the police report.  Since Ja'Uan was a possible suspect, Portis claimed that he [Portis] would, therefore, be eliminated as a suspect in the robbery.

{¶ 10}  Portis contended that he discovered this evidence after reading the Springfield News-Sun's Municipal Court section in late December 2011-January 2012, which reported that Buck had been arrested for a traffic violation.  The newspaper article included Buck's address, and Portis wrote to Buck, because she had been listed as a suspect in the police report.  Portis then learned what Buck had told the police about the crime.  Portis also contended in his motion that the police had taped interviews with Buck and Schoneberger, and that the State failed to disclose the fact that the interviews had been taped.

{¶ 11}  In addition, Portis submitted an affidavit from his brother, Jaryld, who stated that Zackene Portis had no prior knowledge that Jaryld was going to attempt to steal money from the bar.  Jaryld also said that he had told Juwan Thomas (listed as JaJuan in the police report) to get in his car and wait down the street because he [Jaryld] was about to "do something."  Jaryld indicated that after grabbing the money bag, he fled the scene and jumped into the car with Juwan, who was waiting on Foster Street.  Jaryld did not testify at Portis's trial, and claimed in his affidavit that he was coming forward now to clear his brother's name.

{¶ 12}  On October 12, 2012, the trial court overruled Portis's motion for leave to file a motion for new trial.  Portis appeals from the trial court's order.

_____

[2]  This is apparently a reference to the individual named JaJuan, who is named in the police report.

II. Did the Trial Court Abuse its Discretion in Overruling Portis's Motion?

{¶ 13}   Portis's sole assignment of error is as follows:

The Trial Court Abused its Discretion When it Denied Portis' Motion for

Leave to File a Motion for New Trial Based on Newly Discovered Evidence.

{¶ 14}   Under this assignment of error, Portis contends that he was unavoidably prevented from filing a timely motion for new trial.  Portis argues that he was not aware that Buck and Schoneberger had been interviewed by the police, nor was he aware of the videotape recordings of the interviews until the spring of 2012, after he obtained Buck's address from the newspaper.  Portis, therefore, contends that the trial court abused its discretion in denying his motion for leave to file a delayed motion for new trial.

{¶ 15}   Crim.R. 33(A) allows new trials to be granted, based on several grounds that affect a defendant's "substantial rights."   The applicable ground in the case before us is found in Crim.R. 33(A)(6), which allows a new trial to be granted "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶ 16}   Under Crim.R. 33(B), motions for new trials must be timely-filed.   In this regard, the rule provides that:

Motions for new trial on account of newly discovered evidence shall be

filed within one hundred twenty days after the day upon which the verdict was

rendered, or the decision of the court where trial by jury has been waived. If it is

made to appear by clear and convincing proof that the defendant was unavoidably

prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**{¶ 17}** In *State v. Parker,* 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183 (2d Dist.), we noted that:

"In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.' " *State v. Morgan*, Shelby App. No. 17-05-26, 2006-Ohio-145, 2006 WL 93108. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden* (1984), 19 Ohio App.3d 141, 145–146, 19 OBR 230, 483 N.E.2d 859. *Parker* at ¶ 16.

**{¶ 18}** The Supreme Court of Ohio has described "clear and convincing evidence" as " 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990),

quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  (Other citation omitted.)

{¶ 19}    In *Schiebel*, the Supreme Court of Ohio also stressed that:

Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.  However, it is also firmly established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court.  An appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge. (Citations omitted.)  *Id.* at 74-75.

{¶ 20}    The Supreme Court of Ohio concluded in *Schiebel* that the defendant had not been unavoidably prevented from discovering juror misconduct, because his attorney made no attempt to interview the jurors.  *Id.* at 75.  In the case before us, Portis was not unavoidably prevented from discovering the existence of the witnesses, or the content of their testimony, because their names were disclosed on the police report furnished to Portis's attorney.

{¶ 21}    Specifically, the documents attached to Portis's motion indicate that the State provided defense counsel with a discovery packet on January 3, 2008.  The packet included law enforcement reports.  A copy of the police report, which is also attached to Portis's motion, lists Buck and Schoneberger as other persons who were arrested in connection with the offense.  In addition, the report contains their birthdates and telephone numbers.

**{¶ 22}** Because the identities of Buck and Schoneberger, and their contact information, were disclosed in January 2007, there is no reason why either Portis or his attorney could not have spoken to these individuals prior to the trial, which was held more than two months later.

**{¶ 23}** Furthermore, even if the interviews with Buck and Schoneberger were video-taped or were not disclosed, the facts related by Buck are irrelevant. The existence of another accomplice who waited in a get-away car has nothing to do with Portis's guilt. Witnesses placed Portis and his brother, Jaryld, at the scene of the robbery. Portis's conviction was based on the fact that he appeared to be scanning the bar area, and held the door open. Then, after Jaryld stole the money bag, Portis tripped an individual who was trying to chase after Jaryld. *Portis*, 2d Dist. Clark No. 2008 CA 22, 2009-Ohio-1776, at ¶ 3, 6, and 13.

**{¶ 24}** Accordingly, the trial court did not err in denying the motion for leave to file a motion for new trial. Portis's sole assignment of error is overruled.

### III. Conclusion

**{¶ 25}** Portis's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. concurs.

FROELICH, J., concurring:

**{¶ 26}** I concur with the majority's holding that the Appellant did not demonstrate by clear and convincing evidence that he was unavoidably prevented from the discovery of the fact that certain individuals were witnesses or even possible suspects. However, in a different set of

circumstances, the failure of the State, for whatever reason, to disclose its interviews with potential witnesses or suspects could provide the basis for, at least, a hearing on Appellant's Motion for a New Trial.

. . . . . . . . . .

Copies mailed to:

Lisa M. Fannin
Christopher C. Bazeley
Hon. Douglas M. Rastatter