[Cite as *State v. Farmer*, 2014-Ohio-2812.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25956 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 07-CR-4216 |
| v. | : | |
| | : | |
| DAVID A. FARMER | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

DAVID A. FARMER, #A585-458, London Correctional Institution, Post Office Box 69, London, Ohio 43140-0069
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.,

        {¶ 1}        David Farmer appeals pro se from the trial court's decision and entry overruling

his motion for leave to file a delayed motion for a new trial.

{¶ 2}     In his sole assignment of error, Farmer challenges the trial court's finding that he was not unavoidably prevented from discovering a witness's history of mishandling evidence and that this allegedly withheld information was not material.

{¶ 3}     The record reflects that Farmer was arrested in 2007 on two counts of rape and one count of gross sexual imposition involving a young child. Thereafter, the trial court partially sustained a motion to suppress evidence. It denied the motion, however, with respect to DNA test results. At trial, the victim testified about what had happened. The State also presented eyewitness testimony from the victim's cousin. In addition, DNA expert Amy Rismiller testified that saliva found on Farmer's penis contained a mixture of his and the victim's DNA. A jury found him guilty on all counts in 2008, and the trial court imposed an aggregate sentence of twenty years to life in prison. This court affirmed on direct appeal on November 13, 2009. *See State v. Farmer*, 2d Dist. Montgomery No. 22852, 2009-Ohio-6013. Three and one-half years later, on May 23, 2013, Farmer filed a motion for leave to file a delayed motion for a new trial. Accompanying the motion for leave was a copy of the proposed new-trial motion. (Doc. #2-3). The trial court denied Farmer leave to file his motion. (Doc. #10). This appeal followed.

{¶ 4}     Under Crim.R. 33(A)(6), a convicted defendant may move for a new trial "when new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Pursuant to Crim.R. 33(B), such a motion must be filed within 120 days after the verdict unless the trial court finds by clear and convincing evidence that the defendant was unavoidably prevented from discovering the evidence sooner. A defendant is unavoidably prevented from moving for a new trial if he had no knowledge of the ground supporting the motion and with reasonable diligence could not have

learned of that ground within the time prescribed for filing the motion. *State v. Isa*, 2d Dist. Champaign No. 2013CA20, 2014-Ohio-139, ¶ 8. We review the denial of a motion for leave to file a delayed new-trial motion for an abuse of discretion. *State v. Portis*, 2d Dist. Clark No. 2012-CA-76, 2013-Ohio-1822, ¶ 2.

{¶ 5}     In his motion for leave, Farmer cited two pieces of newly discovered evidence: (1) the fact that Rismiller previously had been disciplined for contaminating DNA samples and (2) the fact that the trial court did not hold a competency hearing for the complaining witness, who was under ten years of age. Farmer claimed he fortuitously discovered the first fact while performing legal research in prison and coming across the case of *State v. Scott*, 2d Dist. Montgomery No. 22745, 2010-Ohio-1919, which we note was filed and publicly released April 30, 2010. He argued that Rismiller's disciplinary history was impeachment evidence that the State had failed to disclose even though the discipline had preceded his trial.[1] Neither Farmer's motion nor his accompanying affidavit specified when he had found the *Scott* case. With regard to the second fact, the lack of a competency hearing, Farmer claimed his trial attorney falsely told him a hearing had been held. According to Farmer, he did not learn otherwise until he received a copy of the full docket sometime in 2011.

{¶ 6}     In denying Farmer's motion for leave, the trial court first noted that the record

---

[1] In *Scott*, the defendant unsuccessfully "sought to question Rismiller about a memorandum from her technical leader at the Miami Valley Regional Crime Lab to a supervisor about prior, unrelated contamination of DNA evidence during analysis, a matter for which she had apparently been disciplined in the past." *Scott* at ¶ 41. The nature, extent or time frame of the purported discipline, or whether it had any impact on 2008 forms of DNA analysis was not part of the record.     Upon review, this court opined that "the defense, in an attempt to impeach an expert opinion, should have been permitted to cross-examine Rismiller about any documented issues concerning her handling of specimens, even if her specific role in the prior case were different from the her role in Scott's case (*i.e., the collection v. the analysis of DNA evidence* )." *Id.* at ¶ 42. This court ultimately found the denial of cross examination to be harmless error, however, in light of the substantial evidence against Scott. *Id.* at ¶ 43.

belied his claim about the lack of a competency hearing. The trial court cited a June 17, 2008 entry in which it found the child victim competent to testify following an in camera hearing. Farmer has conceded that issue on appeal. With regard to Rismiller's disciplinary history, the trial court made three findings: (1) that her name and contact information were provided in discovery and defense counsel could have questioned her about her DNA handling practices before trial; (2) that the *Scott* decision was issued on April 30, 2010 and Farmer had failed to explain why he waited until May 23, 2013 to seek leave to file a delayed new-trial motion; and (3) that the non-disclosure of Rismiller's past discipline did not materially affect his substantial rights or deny him a fair trial in any event.

{¶ 7}     For present purposes, we will focus on the trial court's first two findings, which are dispositive of Farmer's motion for leave. In support of the first finding, the trial court reasoned:

> In the case at bar, on June 12, 2008, the prosecution filed the *State of Ohio's Written List of Witnesses*. Among the witness[es] listed: "AMY RISMILLER, Miami Valley Regional Crime Laboratory, 361 West Third Street, Dayton, Ohio 45402." *Id.* Thus, at least eleven days prior to the commencement of the trial, the defense was placed on notice that Ms. Rismiller would be a State's witness. As in *State v. Portis*, supra, there is no reason why Mr. Farmer's attorney could not have spoken to Ms. Rismiller prior to trial. In cases involving forensic evidence, "chain of custody" is always a potential trial issue. A reasonably diligent interview would have included questioning Rismiller regarding the policy and practice of the Miami Valley Regional Crime Laboratory in the handling of DNA

specimens—and whether she has been in compliance with that policy and practice. Therefore, this Court finds Mr. Farmer failed to present clear and convincing evidence that he was unavoidably prevented from discovering this evidence within the time set forth in Crim.R. 33(B). For this reason, his motion is untimely.

(Doc. #10 at 4).

{¶ 8}    On appeal, Farmer contends his knowledge of Rismiller's name on a witness list does not mean that with reasonable diligence he should have discovered her prior discipline within the time required by Crim.R. 33(B). In our view, the issue is a close one.   Based on our review of the record, however, we cannot say the trial court's resolution of the issue was unreasonable. Therefore, we find no abuse of discretion.

{¶ 9}    In *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), the Ohio Supreme Court held that two defendants had failed to show by clear and convincing evidence that they were unavoidably prevented from discovering juror misconduct. In reaching this conclusion, the court noted that defense counsel could have interviewed jurors about any potential misconduct but did not. The court reasoned: "It cannot be said with any degree of probability, let alone conclusively, that [the defendant] was unavoidably prevented from discovering any alleged misconduct * * * since none of his attorneys asked about juror misconduct, outside influence, tampering or other improper conduct which could have been identified and proved by means of outside sources." *Id.* at 75.

{¶ 10}   In the *Portis* case cited by the trial court below, the defendant   was convicted of complicity in the commission of a robbery. He later sought leave to file a delayed motion for a new trial based on newly discovered evidence. Specifically, he claimed that he recently had

discovered previously undisclosed police interviews of two witnesses who allegedly possessed exculpatory information. The trial court denied the motion. This court affirmed, reasoning:

> * * * In the case before us, Portis was not unavoidably prevented from discovering the existence of the witnesses, or the content of their testimony, because their names were disclosed on the police report furnished to Portis's attorney.
>
> Specifically, the documents attached to Portis's motion indicate that the State provided defense counsel with a discovery packet on January 3, 2008. The packet included law enforcement reports. A copy of the police report, which is also attached to Portis's motion, lists Buck and Schoneberger as other persons who were arrested in connection with the offense. In addition, the report contains their birth dates and telephone numbers. Because the identities of Buck and Schoneberger, and their contact information, were disclosed in January 2007, there is no reason why either Portis or his attorney could not have spoken to these individuals prior to the trial, which was held more than two months later.

*Portis* at ¶ 20-22.

{¶ 11}  Similarly, the trial court here reasonably concluded that Farmer had not shown, by clear and convincing evidence, that he was *unavoidably prevented* from discovering information about Rismiller's prior discipline. As the trial court correctly noted, Farmer knew Rismiller's name and contact information. The record does not demonstrate that his attorney made any effort to speak with her. Under these circumstances, we cannot say the trial court abused its discretion in denying Farmer's motion for leave.

{¶ 12}  But even if we were to accept Farmer's claim that he could not have been expected to discover Rismiller's prior discipline with reasonable diligence because his attorney had no reason to inquire about it, we still would find no abuse of discretion in the trial court's ruling. As an independent basis for denying Farmer's motion, the trial court noted that the *Scott* decision, which allegedly put him on notice of the disciplinary issue, was decided more than three years before he sought leave. The trial court reasoned:

> Mr. Farmer states that "It was not until I happened to be reading some cases on LEXIS at the prison library that I happened to see the State v. Scott case in which it discussed her [Rismiller] having been subjected to professional discipline for botching previous work." *Affidavit of Defendant*.

> The decision of *State v. Scott*, Montgomery App. No. 22745, was issued on April 30, 2010. Notably, this decision was rendered by the same appellate court that considered Mr. Farmer's own appeal (Montgomery App. No. 22852). It is not until three years after the *Scott* decision was issued that Mr. Farmer—in reliance upon *Scott*—has filed his *Motion for Leave to File Delayed Motion for New Trial*. Stated differently, nine 120-day time periods have elapsed since the issuance of [the] *Scott* decision and Mr. Farmer filing his *Motion*.

> This Court finds the following: Through the exercise of due diligence, the *Scott* decision—upon which Mr. Farmer relies—could have been discovered much earlier than three years after that decision was issued. Therefore, this Court finds Mr. Farmer has not sought leave to file a motion for new trial within a reasonable time[;] through the exercise of due diligence, he could have discovered the

evidence—reported in the *Scott* decision—pertaining to Ms. Rismiller's disciplinary action.

(Doc. #`10 at 5-6).

**{¶ 13}**   Assuming that Farmer reasonably could not have filed a new-trial motion within 120 days after the jury's verdict because *Scott* was not decided until April 2010, he still was required to seek leave within a *reasonable time* after discovering *Scott*. *State v. McConnell*, 2d Dist. Montgomery No. 24315, 2011-Ohio-5555, ¶ 20 ("After the 120 days have elapsed the party seeking leave to file a motion for new trial must prove he or she was unavoidably prevented from discovering the new evidence and filing his or her motion within the prescribed period. Once the evidence is known to the defendant, caselaw dictates that it is incumbent upon him to act within a reasonable time period."); *State v. Davis*, 9th Dist. Lorain No. 12CA010256, 2013-Ohio-846, ¶ 10 ("In the present matter, Mr. Davis' motion and affidavit fail to provide clear and convincing proof as to why he was unavoidably prevented from discovering the telephone records in a timely manner. Also, Mr. Davis provides no explanation as to why it was reasonable for him to wait an additional eight months to file his motion for leave after obtaining the telephone records."); *State v. Caulley*, 10th Dist. Franklin No. 12AP-100, 2012-Ohio-2649, ¶ 12 ("In addition to demonstrating that he was unavoidably prevented from discovering the evidence relied upon to support the motion for new trial, a defendant seeking leave to file a delayed motion for new trial also must show that the motion for leave was filed within a reasonable time after discovering the evidence relied upon to support the motion for new trial.").

**{¶ 14}**   Notably absent from Farmer's motion for leave and the accompanying affidavit is any indication *when* he saw the *Scott* decision. He professed to have found it while reading case

law in the prison law library but did not specify when that event occurred. In light of the unexplained three-year delay between the issuance of *Scott* and the filing of Farmer's motion for leave, we believe he failed to demonstrate that he filed the motion within a reasonable time after discovering *Scott*. For this additional reason, the trial court did not err in denying his motion for leave to file a delayed   new-trial motion.

{¶ 15}   The sole assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Kirsten Brandt
David Farmer
Hon. Dennis J. Langer