[Cite as *State v. Portis*, 2014-Ohio-5171.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                         :

      Plaintiff-Appellee                       :    C.A. CASE NO.    2013 CA 101

v.                                                              :    T.C. NO.    07CR1063B

ZACKENE S. PORTIS                            :    (Criminal appeal from
                                              Common Pleas Court)

      Defendant-Appellant                     :

                                                    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____ 21st _____ day of _____ November _____, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, P. O. Box 231, Harveysburg, Ohio 45032
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the Notice of Appeal of Zackene Portis,

filed November 21, 2013. Portis appeals from the November 14, 2013 decision of the trial court that overruled his October 22, 2013 pro se "Motion to Vacate Void Judgment." We hereby affirm the judgment of the trial court.

{¶ 2} This Court previously noted, in *State v. Portis*, 2d Dist. Clark No. 2012-CA-76, 2013-Ohio-1822, ¶ 3, the following procedural history:

> After a jury trial held in March 2008, Zackene Portis was found guilty of Complicity in the Commission of Robbery, in violation of R.C. 2923.03(A)(2) and R.C. 2911.02(A)(2). Portis was sentenced to eight years in prison, and also received an additional one-year sentence for a post-release control violation, which was to be served consecutive to the eight-year term. We affirmed Portis's conviction in April 2009. See *State v. Portis*, 2d Dist. Clark No.2008 CA 22, 2009-Ohio-1776. A full recitation of the factual background can be found in our opinion. *See, id.* at ¶ 2-17.[]

{¶ 3} In subsequent decisions, this Court determined that Portis' one-year sentence for violating the terms of his post-release control must be vacated. *State v. Portis*, 2d Dist. Clark No. 2010-CA-95, 2011-Ohio-2429, ¶ 19 ("In the case before us, we agree that Portis's one-year sentence for violating the terms of his post-release control must be vacated, because the post-release-control portion of his 2004 sentence is not merely voidable but void. It follows that any sentence imposed as a sanction for a violation of that post-release control is also void, and subject to vacation."); *State v. Portis*, 2d Dist. Clark No. 10CA0115, 2011-Ohio-6495 (remanding the matter to the trial court to enter an order vacating the one-year sentence).

**{¶ 4}** In his "Motion to Vacate Void Judgment" Portis asserted that "this Court should vacate the Defendant's judgment and sentence since it did not have subject matter jurisdiction to take the Defendant to trial on March 13, 2008, which was well past the ninety day speedy trial time allowed by R.C. 2945.71(E), and order his immediate release and discharge him from custody." According to Portis, his trial was continued based upon the State's representation that a valid parole holder prevented application of the triple-count provisions of R.C. 2945.71(E), when in fact no valid parole holder existed, since the post-release control portion of his sentence in 2004 was found to be void. The trial court's decision on Portis' motion provides as follows in its entirety: "Defendant's Motion to vacate a void judgment is **OVERRULED**."

**{¶ 5}** Portis asserts two assignments of error herein, which we will consider together. They are as follows:

"THE TRIAL COURT ERRED IN DENYING MR. PORTIS' MOTION TO VACATE VOID JUDGMENT BY FAILING TO PROPERLY CONSIDER THAT HIS SPEEDY TRIAL RIGHT HAD BEEN VIOLATED DUE TO THE FACT THAT NO VALID HOLDER EXISTED DURING HIS TIME AWAITING TRIAL."

And,

"MR. PORTIS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

**{¶ 6}** As evidence in support of both assignments of error, Portis directs our attention to the transcript of proceedings held on January 22, 2008, which was filed in this Court on May 2, 2008, and wherein the following exchange occurred:

THE COURT: Case Nos. 07-CR-1063A and 07-CR-1063B, State of Ohio, versus Jaryld and Zackene Portis. The case was scheduled for a criminal jury trial this morning. The Court set it last week for today out of concern that there may be a speedy trial issue involved.

Did the parties want to place anything on record at this time?

MR.KINSLER: Your Honor, it's the State's understanding that there's a holder for both defendants. It's my understanding that the holder is from Adult Parole Authority. It's also my understanding that both the defendants were violated on their adult parole.

As a result, the import of all this being that for speedy trial purposes, every day in jail does not count as three against the speedy trial statute, meaning that the State doesn't have - - isn't limited, isn't required to bring the case to trial within 90 days of arrest but rather 270.

* * *

THE COURT: * * * Did the defense want to place anything on record?

MR. MARSHALL: * * * I represent Zackene Portis. I believe what Mr. Kinsler has said about the parole holder and the parole hearing, the violation. I haven't actually verified that by looking at any paperwork myself, but I believe he's correct in that respect.

That's all I would say at this point in time. * * *.

{¶ 7}    The Ohio Supreme Court, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d

104 (1967), syllabus at ¶ 9, determined:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

**{¶ 8}** Portis did not raise the issues set forth in his assigned errors before the trial court or on direct appeal. Since Portis' assigned errors would have been demonstrable from the record on appeal, and he failed to raise them in his direct appeal, he is barred from asserting them by the doctrine of res judicata. *See, State v. Jennings*, 5th Dist. Richland No. 01CA62, 2001 WL 1913823 (Nov. 5, 2001) (affirming the denial of Jennings' motion to vacate his sentence based upon a violation of his right to a speedy trial: "Because appellant failed to raise this issue at trial or on direct appeal, we agree with the trial court appellant is barred from raising it in his subsequent motion to vacate his sentence under the principle of res judicata.") For the foregoing reasons, Portis' assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Thomas W. Kidd, Jr.
Hon. Douglas M. Rastatter