OPINION.
{¶ 1} Defendant-appellant Lawrence Kristofferson appeals from the trial court's judgment convicting him of operating a motor vehicle under the influence of alcohol ("OVI"), in violation of former R.C. 4511.19(A)(6). Because we hold that Kristofferson's speedy-trial rights were violated, we reverse the judgment of the trial court and discharge Kristofferson.
 {¶ 2} The parties stipulated below that, on June 6, 2004, Kristofferson was cited under a city of Norwood ordinance for an OVI offense stemming from a March 27, 2004, accident. The parties did not stipulate, and the record does not indicate, which provision of the Norwood city code Kristofferson was charged with violating. Although it is not entirely clear, it appears that the Norwood case was removed to the Hamilton County Municipal Court and was later dismissed.
 {¶ 3} Completely independent of the Norwood case, on September 4, 2004, Kristofferson was cited for OVI under former R.C. 4511.19(A)(6). The basis for the charge was the same March 27, 2004, accident had formed the basis for the Norwood charge. On June 22, 2005, Kristofferson moved for dismissal of the R.C.4511.19(A)(6) charge on speedy-trial grounds. The parties stipulated at the hearing on Kristofferson's motion to dismiss that Kristofferson had executed a waiver of time in the Norwood case, but had not executed a time waiver in the OVI case pending in municipal court. The parties further stipulated that if the trial court determined that the Norwood waiver did not apply to the state charge, the state was out of time to prosecute Kristofferson.
 {¶ 4} Following a hearing, the trial court denied Kristofferson's motion. He later pleaded no contest to the R.C.4511.19(A)(6) charge. In two assignments of error, Kristofferson now argues (1) that the trial court erred in overruling a motion to suppress that he had filed before moving to dismiss his case; and (2) that the trial court erred in overruling his motion to dismiss. Kristofferson's second assignment of error is well taken.
 {¶ 5} The right to a speedy trial is guaranteed by the Sixth
and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution. This guarantee is reflected in R.C. 2945.71, which sets forth the time within which a defendant must be brought to trial. See R.C.2945.71; State v. Pachay (1980), 64 Ohio St.2d 218,416 N.E.2d 589. The charge at issue here — a violation of former R.C.4511.19(A)(6) — was a first-degree misdemeanor. According to R.C.2945.71(B)(2), a defendant charged with a first-degree misdemeanor must be brought to trial within 90 days of his arrest. A defendant may, of course, waive his right to a speedy trial, provided the waiver is knowing and voluntary. See Barkerv. Wingo (1972), 407 U.S. 514, 529, 92 S.Ct. 2182. But this court must indulge "every reasonable presumption against waiver" and cannot "presume acquiescence in the loss of a fundamental right." State v. Adams (1989), 43 Ohio St.3d 67, 69,538 N.E.2d 1025, citing Johnson v. Zerbst (1938), 304 U.S. 458, 464,58 S.Ct. 1019.
 {¶ 6} The state argued below, and the trial court agreed, that the waiver executed in the Norwood case also applied to the state charge. We disagree. In Adams, supra, the Ohio Supreme Court held that "[w]hen an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver."Adams, supra, syllabus. The Adams court reasoned that two different charges could entail two different defenses, and that waiving time as to one charge might not be sound strategy as to the other. Id. at 69-70, 538 N.E.2d 1025.
 {¶ 7} The state contends that Adams is distinguishable because, unlike in Adams, the first and second charges in this case were substantively the same and therefore that Kristofferson would not have been prejudiced by applying the waiver from the first charge to the later charge. See id. at 69-70,538 N.E.2d 1025. We cannot sustain this argument because there is nothing in the record that conclusively establishes which provision of the Norwood city code Kristofferson was cited under. We find Adams
to be controlling.
 {¶ 8} In sum, we conclude that Kristofferson did not waive time in the municipal court proceeding, regardless of what occurred in the Norwood case. Without a written or express oral waiver of his speedy-trial rights in the record, Kristofferson should have prevailed on his motion to dismiss. The state was required to bring Kristofferson to trial within 90 days of June 6, 2004 — the date of his initial arrest. See id. at 68,538 N.E.2d 1025, citing State v. Clay (1983), 9 Ohio App.3d 216,218, 459 N.E.2d 609 (when new charges arise from the same set of facts as the original charge, and where the state knew of such facts at the time of the initial charge, the time within which trial must begin on the additional charge is subject to the same statutory limitations period that is applicable to the original charge). It is undisputed that the state failed to do so. This was a violation of Kristofferson's constitutional and statutory rights to a speedy trial. We therefore sustain Kristofferson's second assignment of error.
 {¶ 9} Given the disposition of Kristofferson's second assignment of error, his first assignment of error is moot. See App.R. 12(A)(1)(c).
 {¶ 10} The judgment of the trial court is reversed, and Kristofferson is discharged from further prosecution in this case.
Judgment reversed and appellant discharged.
Hildebrandt, P.J., and Hendon, J., concur.