[Cite as *State v. Downing*, 2014-Ohio-4029.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NOS.  C-130319 |
| | | C-130320 |
| Plaintiff-Appellee, | : | TRIAL NOS.  12TRC-16812A |
| | | 12TRC-16812B |
| vs. | : | |
| ROBERT DOWNING, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 17, 2014

*Terrance Nestor*, Interim City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *Kevin O. Donovan*, Senior Assistant City Prosecutor, for Plaintiff-Appellee,

*Jeffrey C. Meadows*, for Defendant-Appellant.

Please note:   these consolidated cases have been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1} Defendant-appellant Robert Downing appeals from his convictions for operating a motor vehicle while under the influence of alcohol and for operating a motor vehicle without reasonable control. Because the trial court erred when it denied Downing's motion to dismiss the charges against him on grounds that the state had violated R.C. 2945.71, Ohio's speedy-trial statute, we reverse his convictions and order him discharged from further prosecution.

{¶2} Downing was arrested on April 7, 2012. Two pretrial hearings were held in April and May. On July 23, 2012, Downing withdrew his motion to suppress and the matter was set for a jury trial due to commence on September 18, 2012. That trial date was continued at Downing's request and the court set a new trial date of December 17, 2012.

{¶3} But Downing's jury trial did not begin as scheduled. Despite the presence of the state's witnesses and Downing's witnesses in the courtroom, as the room prosecutor explained, the trial judge was "getting ready to start a Christmas break." The trial court continued the matter. The court's journal entry, however, offered no explanation for the continuance beyond the following: "Speedy trial time is being extended for good cause shown pursuant to 2945-72 at Ct's request." On February 4, 2013, the next scheduled court date, the trial court again continued the proceedings on its own motion with the journal entry that the "ct [was] unavailable to begin trial."

{¶4} At a March 25, 2013 hearing, the trial court denied Downing's motion to dismiss on speedy-trial grounds. On May 13, 2013, Downing entered no-contest pleas to the charged offenses. The trial court accepted Downing's pleas and found him guilty—402 days after the arrest. The court imposed, in the aggregate, a suspended sentence of 180 days' imprisonment, a three-day DIP program, six

months of community control, a $525 fine, and a six-month driver's license suspension. The trial court stayed the sentences pending this appeal.

{¶5}  In his sole assignment of error, Downing asserts that the trial court erred when it refused to dismiss the charges against him on speedy-trial grounds. The parties agree that the state was required to bring Downing to trial on both charges within 90 days after his arrest. *See* R.C. 2945.71(B)(2) and 2945.71(D). The record reflects that by the date of the trial court's sua sponte continuance on December 17, 2012, only 72 days of the elapsed period were chargeable against the state. Downing argues that the 50-day continuance granted on the court's own motion from December 17, 2012, until February 4, 2013, was chargeable to the state, and thus he was brought to trial outside the 90-day statutory period. We agree.

{¶6}  A defendant not brought to trial within the requisite period "shall be discharged." R.C. 2945.73(B). And that "discharge is a bar to any further criminal proceedings against him based on the same conduct." R.C. 2945.73(D). But the statutory period may be extended. R.C. 2945.72(H) tolls the statutory speedy-trial time during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than on the accused's own motion."

{¶7}  A trial court's sua sponte continuance is a continuance "granted other than on the accused's own motion." R.C. 2945.72(H). To toll the speedy-trial time, the record must reflect that the court's continuance was reasonable. To satisfy that standard, "the trial court must enter the order of continuance and the reasons therefor[e] by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. If the continuance is not journalized and supported by an explanation of its reasonableness, the continuance must be charged against the state for speedy-trial purposes. *See State v. Stamps*, 127 Ohio App.3d 219, 224, 712

N.E.2d 762 (1st Dist.1998). These statutes represent a rational effort to enforce a defendant's constitutional right to a speedy trial, and they must be strictly enforced by the courts. *See State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus; *see also State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 14.

{¶8} Here, no reason beyond the pro forma "for good cause shown" was included in the court's journal entry. *See State v. Campbell*, 1st Dist. Hamilton No. C-940601, 1995 Ohio App. LEXIS 1036 (Mar. 22, 1995); *see also State v. Watkins*, 12th Dist. Warren No. CA2013-02-017, 2014-Ohio-177, ¶ 20-21. The failure of the trial court to enter reasons for the continuance in its journal entry is dispositive under the rule of *Mincy*. *State v. McCarren,* 1st Dist. Hamilton No. C-110074, 2011-Ohio-4805, ¶ 4.

{¶9} Because the trial court failed to state the reasons for the continuance in its journal entry, we are unable to conclude that the trial court's sua sponte continuance was reasonable. The continuance was chargeable against the state. Downing was thus brought to trial at least 122 days after arrest, in violation of R.C. 2945.71(B)(2). Therefore, the court erred when it denied Downing's motion to dismiss. The assignment of error is sustained.

{¶10} The judgments of conviction of the Hamilton County Municipal Court are reversed, and this cause is remanded with instructions for the trial court to order Downing discharged from further prosecution for the instant offenses.

Judgment accordingly.

**HILDEBRANDT** and **HENDON, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.