[Cite as *State v. Holden*, 2016-Ohio-7042.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160150 |
| | | TRIAL NO. 15CRB-2493 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ERIC HOLDEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 30, 2016


*Paula Boggs Meuthing*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Heidi Rosales*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Charles E. McFarland*, for Defendant-Appellant.

**SYLVIA S. HENDON, Judge.**

{¶1}   Defendant-appellant Eric Holden has appealed from the trial court's entry finding him guilty, following a no-contest plea, of solicitation under R.C. 2907.24(A).   In three assignments of error, Holden argues that the trial court erred in failing to grant his motion to dismiss, that the state failed to bring him to trial within the time provided for in R.C. 2945.71, and that the trial court erred by finding him guilty of solicitation.   Finding no merit to Holden's arguments, we affirm the trial court's judgment.

### *Factual Background*

{¶2}   On January 30, 2015, a complaint was filed charging Holden with solicitation.  The complaint contained the following language:

P.O. M. Curfiss/P441/VICE, being first duly cautioned and sworn, deposes and says that Eric Holden, on or about the 30 day of January 2015, in Hamilton County, State of Ohio, did solicit another, PO Curfiss, to engage with such other person in sexual activity for hire, contrary to and in violation of Section 2907.24(A) of the Revised Code of Ohio, a Misdemeanor of the 3rd degree.

{¶3}   The complaint further contained the following allegations: "Arrested responded to an online ad and arrested engaged u/c in conversation about sexual activity for hire.  To wit: $60 for a half hour for oral sex."

{¶4}   Holden filed a motion to dismiss the complaint on February 2, 2015, arguing that it was not valid and was insufficient to invoke the trial court's jurisdiction. The trial court overruled Holden's motion to dismiss.  Holden then filed

several motions for discovery and a motion to compel a more detailed bill of particulars. After the trial court determined that the state had met its burden with respect to the bill of particulars, Holden filed a motion to suppress. But he later withdrew that motion after resolving the issues it contained with the state. On August 10, 2015, Holden requested that the trial court schedule the matter for a jury trial. Due to scheduling conflicts with the trial court, the trial was scheduled for October 21, 2015.

{¶5} On October 19, 2015, Holden filed a second motion to dismiss, arguing that his right to a speedy trial had been violated. The trial court overruled Holden's motion after determining that the allotted speedy-trial time had not expired. The matter was then scheduled for a jury trial on January 6, 2016. On the morning of trial, Holden filed a third motion to dismiss, again challenging the sufficiency of the complaint. The trial court overruled Holden's motion, and Holden entered a no-contest plea to the offense of solicitation.

### *The Complaint was Sufficient*

{¶6} In his first assignment of error, Holden argues that the trial court erred by failing to grant his motion to dismiss because the complaint was insufficient to invoke the trial court's jurisdiction.

{¶7} The municipal court's subject-matter jurisdiction is invoked by the filing of a complaint that meets the requirements of Crim.R. 3. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, paragraph one of the syllabus. Crim.R. 3 provides that "[t]he complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the

applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

{¶8} Holden contends that the complaint was invalid because it did not contain all the elements of the offense of solicitation. Holden was charged with violating R.C. 2907.24(A)(1), which provides that "[n]o person shall solicit another who is eighteen years of age or older to engage with such other person in sexual activity for hire." By alleging that Holden had solicited Officer Curfiss to engage in sexual activity for hire, the complaint properly contained all the elements of the offense of solicitation. But Holden contends that the complaint was deficient because it failed to allege that he had enticed, urged, lured or asked anyone to engage in sexual activity. Holden's argument merely recites the definition of solicitation. *See State v. Swann*, 142 Ohio App.3d 88, 89, 753 N.E.2d 984 (1st Dist.2001). It was sufficient for the complaint to allege that Holden had solicited Officer Curfiss. An explicit definition of the element of solicitation was not necessary.

{¶9} Holden further argues that because the complaint did not reference any language from R.C. 2907.24(E), it omitted a necessary element of the offense. R.C. 2907.24(E) provides that sexual activity for hire "means an implicit or explicit agreement to provide sexual activity in exchange for anything of value paid to the person engaging in such sexual activity, to any person trafficking that person, or to any person associated with either such person." This provision does not add an element to the offense of solicitation. Rather, it defines an element of the offense, namely sexual activity for hire. Crim.R. 3 contains no requirement that a complaint must define the elements of the offense charged.

4

{¶10} The complaint in this case tracked the statutory language of the offense of solicitation, and it was sufficient to provide Holden with notice of the offense and to invoke the trial court's subject-matter jurisdiction. *See State v. Campbell*, 9th Dist. Medina No. 13CA0013-M, 2014-Ohio-1329, ¶ 9; *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 11.

{¶11} Holden additionally argues in this assignment of error that the offense of solicitation is unconstitutional as applied to him because the complaint solely alleges that he had a conversation about sexual activity for hire, which he contends violates his right to free speech. But Holden's argument overlooks the entire first paragraph of the complaint, which states that Holden "did solicit another, PO Curfiss, to engage with such other person in sexual activity for hire." While the second paragraph of the complaint offers additional facts and states that Holden had a conversation with Officer Curfiss about sexual activity for hire, the first paragraph clearly states that he solicited her to engage in such activity.

{¶12} The trial court did not err in failing to grant Holden's motion to dismiss the complaint. The first assignment of error is overruled.

### Speedy Trial

{¶13} In his second assignment of error, Holden argues that the trial court erred in allowing him to be brought to trial after the time limits for a speedy trial set forth in R.C. 2945.71 had passed.

{¶14} Holden had a constitutional right to a speedy trial. *See State v. Kristofferson*, 1st Dist. Hamilton No. C-050736, 2006-Ohio-6046, ¶ 5. R.C. 2945.71 codifies a defendant's right to a speedy trial, and it provides the time limits within which a defendant must be brought to trial. *Id.* Holden was charged with the offense

of solicitation, a third-degree misdemeanor. Consequently, he had to be brought to trial within 45 days after his arrest or the service of the summons. *See* R.C. 2945.71(B)(1).

{¶15} The complaint against Holden was filed on January 30, 2015, and he made his initial appearance on February 2, 2015. Three days of speedy-trial time accrued during that period. On February 2, 2015, Holden filed a motion to dismiss. Pursuant to R.C. 2945.72(E), the filing of Holden's motion tolled the speedy-trial time. The parties appeared for a hearing on Holden's motion on February 19, 2015, but the hearing was continued because the trial court had not received a copy of the motion. The parties again appeared for a hearing on Holden's motion to dismiss on March 5, 2015. A magistrate was appointed to hear the case that day because the trial court was unavailable. Both parties agreed to continue the matter because they wanted to argue the motion before the trial court, rather than the magistrate. Time remained tolled during this period because all continuances were based on Holden's motion to dismiss. *See* R.C. 2945.72(E).

{¶16} On March 25, 2015, the trial court held a hearing and overruled Holden's motion to dismiss. It then set the case for pretrial and discovery. On March 31, 2015, Holden filed a motion for a bill of particulars and a motion for discovery. The six days between those two dates counted against the state for speedy-trial purposes. *See State v. Zavac*, 6th Dist. Lucas No. L-07-1227, 2008-Ohio-2208, ¶ 14 ("[g]enerally, the scheduling of a pretrial conference * * * does not automatically extend the time requirements of R.C. 2945.71."). But time was again tolled upon the filing of Holden's motions on March 31. *See* R.C. 2945.72(E). On April 13, 2015, Holden filed a second motion for discovery. And on May 1, 2015,

Holden filed a motion for the state to issue a more detailed bill of particulars. On May 6, 2015, the parties appeared for a hearing on Holden's motions. A magistrate had again been appointed to hear the case because the trial court was unavailable. But Holden wanted the motions to be heard by the trial court, rather than the magistrate, so the matter was continued. Because the continuance was based on Holden's motions, time remained tolled pursuant to R.C. 2945.72(E).

{¶17} The parties appeared before the trial court on May 22, 2015. At that hearing, the case was continued until June 18, 2015. Holden filed an entry waiving time for speedy-trial purposes from May 22 until June 18, and time remained tolled. On May 31, 2015, Holden filed a motion to compel a bill of particulars. At a hearing on June 18, 2015, the trial court found that the state had met its burden with respect to the bill of particulars, and it continued the case because Holden indicated that he would be filing a motion to suppress. Holden filed the motion to suppress on June 30, 2015, and the parties appeared for a hearing on the motion on July 22, 2015. On that date, the state requested a continuance because necessary witnesses were not present. The case was again continued until August 10, 2015. But time remained tolled during that period because Holden had executed an entry waiving time for speedy-trial purposes from July 22 until August 10.

{¶18} At the hearing on August 10, 2015, Holden withdrew his motion to suppress and requested that the matter be set for trial. So the trial court continued the case for trial until October 21, 2015. Both Holden and his counsel specifically stated on the record that Holden waived his right to a speedy trial during that time period. This was an effective waiver. *See State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), syllabus.

7

{¶19} On October 19, 2015, Holden filed a motion to dismiss on speedy-trial grounds. Speedy-trial time was again tolled pursuant to R.C. 2945.72(E). The parties appeared before the trial court on October 21, 2015, and Holden requested a continuance so that he could order transcripts and supplement his motion to dismiss. Speedy-trial time remained tolled because the continuance was related to Holden's motion to dismiss, and because it was at Holden's request. *See* R.C. 2945.72(E) and (H). On November 13, 2015, Holden filed a second motion to dismiss on speedy-trial grounds, including excerpts from the transcripts of the proceedings to document his claims. The parties appeared for a hearing on the motion to dismiss on November 18, 2015. The state requested a continuance on that date because it had just received notice of the second motion to dismiss. The trial court continued the case until November 30, 2015. Time remained tolled because the request for a continuance was reasonable and was necessitated by Holden's motion to dismiss. *See* R.C. 2945.72(E). At a hearing on November 30, 2015, the trial court overruled Holden's motion to dismiss. The matter was continued for trial, and Holden executed an entry waiving time for speedy-trial purposes from November 30, 2015, until January 6, 2016. On January 6, 2016, Holden entered a no-contest plea to the offense of solicitation.

{¶20} According to our calculations, nine days of speedy-trial time were attributable to the state. Consequently, we hold that Holden was brought to trial within the time limits set forth in R.C. 2945.71. The second assignment of error is overruled.

### *No Contest Plea*

{¶21} In his third assignment of error, Holden argues that the trial court erred in finding him guilty of solicitation. He argues that he could not have been found guilty of solicitation because the complaint failed to include the required language from R.C. 2907.24(E) alleging that he had formed an agreement with Officer Curfiss to provide sexual activity in exchange for anything of value.

{¶22} We addressed this argument in response to Holden's first assignment of error. R.C. 2907.24(E) does not add an element to the offense of solicitation. It defines the term "sexual activity for hire," and the state was not required to include that definition in the complaint.

{¶23} A plea of no contest is not an admission of a defendant's guilt, but is an admission to the truth of the facts alleged in the complaint. *See State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998). By pleading no contest, a defendant is "foreclosed from challenging the factual merits of the underlying charge." *Id.* When a defendant enters a no-contest plea, the trial court must find enter a guilty finding if the complaint contains sufficient allegations to state the charged offense. *Id.*

{¶24} In this case, the complaint specifically alleged that Holden had solicited Officer Curfiss to engage in sexual activity for hire. These facts were sufficient to support the offense of solicitation under R.C. 2907.24(A), and the trial court did not err in finding Holden guilty.

{¶25} The third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**FISCHER, P.J.,** and **MOCK, J.,** concur.

Please note:

        The court has recorded its own entry on the date of the release of this opinion.