**[Cite as *State v. Cheatham*, 2021-Ohio-2495.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200142 |
| | | TRIAL NO. B-1707557 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JAMES CHEATHAM, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 21, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*William F. Oswall, Jr.,* for Defendant-Appellee.

**Bock, Judge.**

{¶1}　This appeal involves a defendant's speedy-trial rights and to whom time is charged when the state violates discovery rules. The trial court dismissed all charges against defendant-appellant James Cheatham because it found that the state had not tried him before the speedy-trial time expired. The state has appealed, asserting that the trial court erroneously dismissed the charges and that it should have entered a nunc pro tunc entry showing that it had granted Cheatham's motion for a continuance. We overrule both assignments of error.

## I.<u>Relevant Facts and Procedural History</u>

{¶2}　Cheatham was arrested in December 2017 on aggravated robbery, felonious assault, and robbery charges. From mid-January 2018 through September 2019, the trial court granted numerous continuances in which Cheatham waived his speedy-trial rights.

{¶3}　Cheatham's trial was scheduled for September 30, 2019. Ten days before trial, the state provided Cheatham with a report from an expert witness who the state intended to present at trial.

{¶4}　Cheatham moved for a continuance. He argued that the state's disclosure of the expert's report was untimely and violated Crim.R. 16(K). Cheatham simultaneously moved for the appointment of an expert to rebut the state's expert's testimony involving cell phone towers. The trial court granted the motion for the appointment of an expert. Though the record does not reflect a written entry continuing the trial, it was rescheduled to February 2020.

{¶5}　After Cheatham filed his motion for a continuance, the parties met in chambers for an off record discussion. The trial court, in a subsequent hearing,

recounted that the parties had met to discuss the continuance. But the trial court could not find a continuance entry showing that Cheatham had waived his speedy-trial rights.

{¶6} On the day of his February 2020 trial, Cheatham moved for dismissal of all of the charges, arguing that the state had failed to try him within the statutory time frame in violation of his constitutional rights. The trial court found that there was nothing on the record showing that Cheatham had explicitly waived time. Although the trial court thought that there had been a written waiver, "since it cannot be found and since we don't know for sure, it's just as if it didn't exist as far as for the purposes of this motion [to dismiss the charges]."

{¶7} Accordingly, the trial court dismissed the charges because Cheatham's speedy-trial rights had expired in December 2019.

## II.Standard of Review

{¶8} This court's review of speedy-trial issues involves mixed questions of fact and law. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15. We defer to the trial court's factual findings if they are supported by competent, credible evidence. *State v. Rogers*, 1st Dist. Hamilton No. C-180120, 2019-Ohio-1251, ¶ 5. We review application of the law to those facts de novo. *Id.*

## III.Assignments of Error

{¶9} On appeal, the state brings two assignments of error: 1.) The trial court erroneously dismissed Cheatham's charges because his speedy-trial time was tolled when he filed his motion for a continuance, and 2.) The trial court should have entered a nunc pro tunc entry reflecting that it had rescheduled the trial to February 2020 at Cheatham's request.

A.     Constitutional Right to a Speedy Trial

**{¶10}** Criminal defendants are guaranteed the right to a speedy trial under both the state and federal constitutions. Ohio Constitution, Article I, Section 10; the Sixth Amendment to the U.S. Constitution. "Speedy-trial provisions are mandatory, and courts must strictly enforce them." *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 15.

**{¶11}** Ohio has codified defendants' speedy-trial guarantees in R.C. 2945.71. Under R.C. 2945.71(C)(2), a person charged with a felony must be tried within 270 days from arrest. Each day that a defendant is held in jail in lieu of bond is counted as three days. R.C. 2945.71(E). Therefore, the statute's triple-count provision requires the state to try jailed defendants within 90 days from arrest. *State v. Henderson*, 1st Dist. Hamilton No. C-100021, 2010-Ohio-5730, ¶ 9.

**{¶12}** Under R.C. 2945.72, the 90-day time limit may be extended by certain events. Relevant here, the statute provides:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.

R.C. 2945.72(H). When the 90-day speedy-trial period has expired, the state bears the burden of showing that events charged to the defendant tolled sufficient time such that the speedy-trial time period had not expired. *State v. Gage*, 2017-Ohio-8897, 101 N.E.3d 557, ¶ 7 (1st Dist.).

4

{¶13}  Recently, the Supreme Court of Ohio clarified to whom time should be charged where defendants do not explicitly waive time. "Reviewing courts must focus on the underlying source of the delay." *State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, ¶ 25. In *Martin*, the Supreme Court determined that delays caused by Martin 1.) seeking additional time to prepare for trial and 2.) needing to secure new counsel due to her counsel's medical issues, should have been charged to Martin, despite her not explicitly waiving time. *Id.* at ¶ 5-8, 16, 18-19. The court determined that although the record did not affirmatively show that Martin had sought the continuance, the underlying reasons for the delays were attributable to Martin, rather than the state. *Id.* at ¶ 25. Therefore, it held that the time should be charged to Martin. *Id.* "When the facts and circumstances of the case show that the underlying source of the delay was attributable to the defendant, it would make a mockery of justice to attribute the delay to the state." *Id.*

B.    The underlying source of Cheatham's delayed trial was the state

{¶14}  The trial court dismissed Cheatham's charges because nothing on the record showed that Cheatham had explicitly waived his speedy-trial rights between September 30, 2019 and February 18, 2020. Under *Martin*, the trial court's reasoning is incorrect because *Martin* instructs reviewing courts to focus on the underlying source of the delay, not whether the defendant explicitly waived time. But the trial court properly dismissed Cheatham's charges because the underlying source of the delay was the state's failure to abide by the discovery rules prescribed by the Ohio Rules of Criminal Procedure.

{¶15}  The state provided its expert's report to Cheatham just ten days before trial. Disclosing its expert's report so close to trial violated Crim.R. 16(K), which

provides, "An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion * * *. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial * * *."

{¶16} Cheatham's motion for a continuance was based solely on the state's late disclosure of its expert's report. But the state asserts that Cheatham waived his speedy-trial rights because he filed that motion. It argues that R.C. 2945.72(H) requires time to be tolled when the trial is delayed due to the defendant's motion for a continuance, regardless of the reason that the defendant sought the continuance.

{¶17} The statute states that the 90-day time limit "*may* be extended" upon the filing of a motion for continuance. (Emphasis added.) R.C. 2945.72. Because the statute says "may," it is clear that a defendant's motion for a continuance does not require speedy-trial time to be tolled. Instead, as instructed by the Supreme Court of Ohio, "[r]eviewing courts must focus on the underlying source of the delay." *Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, at ¶ 25. Adopting the state's interpretation of the statute would prevent courts from considering whether the defendant would have gone to trial within the speedy-trial time but for the state's rule violations. It also would give the state an unfair advantage by forcing defendants like Cheatham to either go to trial unprepared or waive speedy-trial rights.

{¶18} The state bears the burden of showing that Cheatham waived his speedy-trial rights or that the time to try Cheatham should have been tolled. It has failed to do so. The state has an obligation to abide by the discovery rules. Courts may not force defendants to waive their constitutional rights to speedy trials when the state violates discovery rules.

6

**{¶19}** We hold that when a defendant seeks a continuance based on the state's violation of Crim.R. 16, any delay resulting from that violation shall be charged to the state. When the circumstances of a case demonstrate that a delay was caused by the state, "it would make a mockery of justice to attribute the delay to" the defendant.

C.    Nunc Pro Tunc Entry

**{¶20}** The state's second assignment of error asserts that the trial court should have entered a nunc pro tunc entry showing that Cheatham waived his speedy-trial rights. Because we find that the state's discovery violation requires time to be charged against the state, we overrule this assignment of error.

## IV. Conclusion

**{¶21}** Defendants cannot be forced to waive their constitutional and statutory speedy-trial rights when they seek continuances solely to address the state's discovery violations. When the state violates the rules, it cannot use those violations to force defendants to waive their rights.

**{¶22}** The state should have tried Cheatham, at the latest, in December 2019. Because it failed to try him within the statutory time to do so, we overrule the state's assignments of error and affirm the trial court's dismissal of Cheatham's charges.

Judgment affirmed.

**ZAYAS, P.J.**, and **CROUSE, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.