[Cite as *State v. Brown*, 2026-Ohio-1541.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,

      Plaintiff-Appellant,

  vs.

DARRYL BROWN,

      Defendant-Appellee.

:

:

:

:

:

:

APPEAL NO.   C-250375
TRIAL NOS.   24/CRB/18864
             24/CRB/18865

*JUDGMENT ENTRY*

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/29/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Brown*, 2026-Ohio-1541.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250375 |
| | | TRIAL NOS. | 24/CRB/18864 |
| Plaintiff-Appellant, | : | | 24/CRB/18865 |
| vs. | : | | |
| | | *O P I N I O N* | |
| DARRYL BROWN, | : | | |
| Defendant-Appellee. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: April 29, 2026


*Emily Smart Woerner*, City Solicitor, *Susan Zurface,* Chief Prosecuting Attorney, and *Brandon Yang,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellee.

**ZAYAS, Judge.**

**{¶1}** The State appeals the dismissal of the complaints against Darryl Brown for violating his statutory speedy-trial rights. In one assignment of error, the State contends that the trial court erred when it granted an oral motion to dismiss for a violation of speedy-trial rights because (1) the court did not give the State a chance to respond, and (2) the State did not violate Brown's right to a speedy trial. For the following reasons, we affirm the judgments of the trial court.

## Factual Background

**{¶2}** On November 8, 2024, Brown was charged with criminal damaging, a misdemeanor of the second degree, and violating a protection order, a first-degree misdemeanor. Brown was arraigned on November 9 and pleaded not guilty. The trial court set bond and continued the case. The court did not note that the continuance was at Brown's request, and our record does not include a transcript of this hearing.

**{¶3}** On November 13, Brown filed several motions, including a request for discovery. Brown posted bond on November 15. The judge's sheet reflects that at the November 18 scheduled pretrial, Brown waived time and withdrew his motion to reduce bond. On December 17, a handwritten notation on the judge's sheet reflects "1/10 PT Δ request"[1] followed by the judge's signature. The State filed its discovery response on December 31, more than 30 days after Brown's request for discovery.

**{¶4}** At the January 10 pretrial, Brown acknowledged that he received partial discovery, and informed the court that a computer-aided dispatch ("CAD") report indicated that the prosecuting witness had called 9-1-1. The State had provided two 9-1-1 calls, but that call was not included. Brown had spoken with the prosecutor about

---

[1] PT refers to pretrial and Δ refers to defendant. The note reflects that the defendant requested a pretrial hearing.

the missing 9-1-1 call and explained that if he did not have what he needed, he might explore a motion to compel. The court continued the matter and noted Brown "waives time."

{¶5} On January 24, the judge's sheet states that the case was continued at Brown's request until February 26. On February 3, Brown filed a motion to compel because the State had not provided the missing 9-1-1 call. On February 26, Brown requested a hearing on the motion to compel and executed a written time waiver until March 24.

{¶6} On March 24, the court proceeded on the motion to compel. Brown represented that the State provided a CAD report that indicated the prosecuting witness called 9-1-1. The 9-1-1 calls provided by the State did not match the notes written in the CAD report. Defense counsel had repeatedly requested the call and had sent two emails to the previous prosecutor on the case, reiterating that he had filed a motion to compel and had not received the call.

{¶7} The court reminded the State that the defense filed its discovery request in November, and defense counsel had attempted to secure the 9-1-1 call numerous times since December. At that point, the State should have requested the missing 9-1-1 call from the police department. The court informed the State that the prosecuting witness had made the 9-1-1 call at the time of the incident, and the call was "imperative for the defense to have that for investigation, preparation, [and] impeachment."

{¶8} The current prosecutor reviewed the notes in the case file, which did not include the motion to compel, the emails from defense counsel, or any emails to the Cincinnati Police Department seeking the missing 9-1-1 call. The prosecutor stated that he would request it, but he did not know how long it would take him to secure the call.

{¶9} The court also noted that speedy-trial time was running and gave the State two weeks to produce the call. The court granted the motion to compel and continued the matter to April 8 for a sanctions hearing and charged the time to the State.

{¶10} At the April 8 sanctions hearing, the prosecutor represented that his paralegal staff had requested the 9-1-1 call and was unable to secure it. Admittedly, the State treated the request as it would an ordinary discovery request. The trial court chastised the prosecutor for not treating the request with urgency and attaching the court's order to produce the call. The court noted that Brown had been arrested in November and posted a $4,000 bond that he could not access while the case was pending. The court reminded the prosecutor that the CAD report summarized the call, and based on the summary, the call was "likely exculpatory," which prejudiced Brown.

{¶11} The court continued to explain that the notes of the call indicated that the prosecuting witness stated that Brown "had someone else damage the car," and she named an alternate suspect. On the body-worn-camera video, the prosecuting witness said two people damaged the car, but originally, she may have said it was someone other than Brown. And Brown was only charged with violating the protection order because he was accused of damaging the vehicle. The court further explained that it had ordered the State to produce the call because the CAD report established it existed, and Brown made numerous efforts to obtain it.

{¶12} Brown explained that he had sent two emails to two different room prosecutors to secure the call. Brown further stated that he had a right to a speedy trial, and had he received the call in discovery, the case would have been resolved by January. Instead, Brown had had the case "hanging over his head" for an additional three months, resulting in social stigma, the inability to seek employment, anxiety,

and an inability to access the bond money. Brown read a portion of the CAD report into the record, which stated that the 9-1-1 caller, the prosecuting witness, had a protection order against Brown, and he had a third party damage her vehicle. The call also reported that Brown was down the street at a store. The caller named the third party who allegedly damaged her vehicle. Based on the CAD report, the 9-1-1 call would be relevant to Brown's defense and would provide exculpatory information. The prosecutor acknowledged the call's relevance to Brown and explained that he believed that someone else had also damaged the car.

{¶13} As a sanction, the court ordered that the prosecuting witness would be instructed to testify that she made the 9-1-1 call and told the 9-1-1 operator that someone else damaged the car at Brown's request. Additionally, the complaining witness was required to admit that she told dispatch that Brown was up the street by the J and W. If the witness failed to do so, the court would dismiss the case with prejudice.

{¶14} The court continued the case for a bench trial, which was scheduled on May 9. The judge's sheet reflects that the trial was reset from May 9 to June 4 per court entry. The docket reflects that an administrative order was journalized on May 7 closing the courthouse on May 9 "out of respect to the members of court staff, law enforcement and members of the public who wish to attend the funeral of Deputy Larry Henderson, or have been specially assigned to services related to that funeral."

{¶15} At the scheduled trial, the State requested a continuance because the deputy who served the protection order was on vacation that week. Brown requested that the court dismiss the complaints due to a violation of his statutory speedy-trial rights.

{¶16} Brown recited the procedural history, including that the case originated

6

on November 8, and he received discovery at the end of December, more than 30 days after filing the request for discovery. When he learned a 9-1-1 call was missing, he attempted to secure it informally before seeking and obtaining an order to compel. Brown argued that after the State provided its discovery response on December 31, every subsequent delay counted against the State. At the very least, time should have counted against the State when he filed the motion to compel or on the date the court was scheduled to hear that motion.

{¶17} Brown further argued that, although the court had sanctioned the State, the court had provided "leeway" and "grace" by not dismissing the matter for a speedy-trial violation at the sanctions hearing. Brown had to choose between his right to a speedy trial and reviewing the evidence that would be exculpatory and exonerate him. Brown asserted that his speedy-trial rights had been violated, which would be exacerbated by granting the State's continuance.

{¶18} The court requested a few moments to count the days and recessed. Initially, the court expressed an unwillingness to allocate time to the State where Brown had requested a continuance. Brown pointed out that under *State v. Cheatham*, 2021-Ohio-2495 (1st Dist.), the analysis to determine who gets charged the delay is based on the underlying cause of the delay, regardless of any time waivers. Brown further explained that the State had 30 days to respond to his discovery request, and the response took "40-some odd days," the motion to compel was "a duplicate of the initial discovery demand," and all of the additional pretrial requests resulted from the State's failure to produce the 9-1-1 call. Therefore, the underlying cause of all of the delay was the State's discovery violation.

{¶19} The State requested additional time to respond, and the court allowed the State to review the record and to research the issue. The court informed the State

that it would issue a decision that day and recessed to allow the State time to address the motion. The court reminded the State that Brown had discussed speedy-trial concerns at the last three court dates, and the State should have been prepared to argue this issue.

{¶20} Applying *Cheatham*, the court calculated that a total of 115 days had elapsed and dismissed the charges with prejudice.

{¶21} The State appealed, and in one assignment of error, the State contends that the trial court erred in granting the motion to dismiss. The State presents two issues: (1) the court did not give the State a chance to respond to the motion, and (2) the State did not violate Brown's speedy-trial rights.

### Speedy-Trial Claim

{¶22} Appellate review of a speedy-trial claim involves a mixed question of law and fact. *State v. Jones*, 2025-Ohio-3297, ¶ 8 (1st Dist.). We defer to the trial court's factual findings if some competent, credible evidence supports them, but we review de novo the court's application of the law to those facts. *Id.*

{¶23} When an accused establishes a prima facie violation of his right to a speedy trial, "the burden then shifts to the State to demonstrate either that the statutory limit was not exceeded, or that the State's time to bring the defendant to trial was properly extended." *State v. Kemper*, 2025-Ohio-448, ¶ 11 (2d Dist.). When a person is charged with a misdemeanor of the first or second degree, the State must bring him to trial within 90 days of his arrest. *See* R.C. 2945.71 (B)(2).

{¶24} Here, Brown established a prima facie violation of his speedy-trial rights because he was not brought to trial within 90 days of his arrest. Thus the State had the burden "to show that actions or events chargeable to the defendant have tolled enough time so that the defendant was tried within the speedy-trial period." *State v.*

*Gage*, 2017-Ohio-8897, ¶ 6 (1st Dist.).

**{¶25}** The parties agree that 15 days elapsed from the day after Brown's arrest until he filed a discovery motion. The parties also agree that Brown waived time from November 18 to December 17, and that Brown submitted a written waiver from February 26 until March 24. The State acknowledges that 15 days from March 24, when the motion to compel was granted, until the April 8 sanctions hearing and the 31 days from April 8 until the May 9 trial date, were properly charged to the State. Thus, the State agrees that 61 days had elapsed.

**{¶26}** The time frames at issue here are from January 10 to January 24 and from January 24 to February 26.

### 1. January 10 to January 24

**{¶27}** On January 10, during a pretrial hearing, Brown informed the court that the State failed to provide a 9-1-1 call in its December 31 discovery response. Brown had addressed the issue with the State prior to the hearing, but the issue remained unresolved. Brown requested an additional pretrial to secure the 9-1-1 call. Brown represented that if the issue could not be resolved expeditiously, he would file a motion to compel. Although Brown did not explicitly waive time, the court continued the matter and stated, "[d]efense waives time."

**{¶28}** The State contends that Brown waived these 14 days because he requested a continuance for another pretrial. Brown argues that the continuance was necessitated by the State's failure to provide the 9-1-1 call in discovery, and pursuant to this court's decision in *Cheatham*, 2021-Ohio-2495 (1st Dist.), the time was chargeable to the State. We agree with Brown. In *Cheatham*, Cheatham sought a continuance when the State provided an untimely expert report in violation of Crim.R. 16. *Id.* at ¶ 4, 15. The State argued that Cheatham waived time by requesting the

continuance because R.C. 2945.72(H) requires time to be tolled when the defendant sought the continuance. *Id.* at ¶ 16.

**{¶29}** The court noted that R.C. 2945.72(H) does not require the time be tolled. *Id.* at ¶ 17. Rather, "[t]he statute states that the 90-day time limit 'may be extended' upon the filing of a motion for continuance." *Id.* Relying on *State v. Martin*, 2019-Ohio-2010, this court determined that "[r]eviewing courts must focus on the underlying source of the delay." *Id.* at ¶ 17, quoting *Martin* at ¶ 25. Ultimately, we held that "when a defendant seeks a continuance based on the state's violation of Crim.R. 16, any delay resulting from that violation shall be charged to the State. When the circumstances of a case demonstrate that a delay was caused by the State, 'it would make a mockery of justice to attribute the delay to' the defendant." *Id.* at ¶ 19, quoting *Martin* at ¶ 25.

**{¶30}** Here, the underlying source of the delay was the State's failure to provide the 9-1-1 call from the complaining witness. Accordingly, the continuance was necessitated by the State, and the 14 days were chargeable to the State for a total of 75 days.

### 2.  January 24 to February 26

**{¶31}** On January 24, the judge's sheet reflects "RAC PT Δ request"[2] with the judge's signature. However, there is no transcript from this hearing. Brown filed a motion to compel on January 31. At the February 26 pretrial, Brown requested a continuance for a hearing on the motion to compel and executed a written time waiver until March 24. The trial court charged all 33 days to the State.

**{¶32}** The State acknowledged that some of the delay from January 24 until

---

[2] RAC means "refer to assignment commissioner." The note reflects that defendant requested to have the case referred to the assignment commissioner to select a pretrial date.

February 26 was due to the missing 9-1-1 call, but insists that Brown waived the time by seeking a continuance. Brown contends that the continuance was necessary due to the State's discovery violation.

**{¶33}** Notably, as of March 24, the State had not requested the call from the Cincinnati Police Department, despite the fact that the State was aware of the call prior to the January 10 hearing. We first note that at a minimum, the time from January 31 when Brown filed his motion to compel until the February 26 hearing was chargeable to the State because the motion was necessitated by the State's repeated failures to provide the 9-1-1 call. *See Cheatham*, 2021-Ohio-2495, at ¶ 19 (1st Dist.); *State v. Arrington*, 2017-Ohio-2578, ¶ 33 (6th Dist.) ("we cannot say that the trial court abused its discretion when it refused to toll time against appellee in granting the motion for continuance necessitated by the state's unexplained discovery violations or in charging the time caused by the motion to compel to the state"); *State v. Knight*, 2005-Ohio-3179, ¶ 19 (2d Dist.) ("Because this motion to compel discovery was necessitated by the State's failure to fully comply with Defendant's earlier discovery request, any delay caused by the motion is not chargeable to Defendant and does not toll the speedy trial time.").

**{¶34}** Thus, 26 days were properly charged to the State, for a total of 101 days, in excess of the 90 days in which the State was required to bring Brown to trial. Consequently, we need not decide whether the trial court properly charged the time from January 24 to January 31 to the State.

**{¶35}** Accordingly, we overrule assignment of error.

### Denial of Continuance

**{¶36}** The State presents a second issue under its sole assignment of error, whether the trial court erred in denying the State's request for a continuance. We

decline to address that issue.

**{¶37}** We note that, prior to the hearing, the State was on notice that Brown had previously questioned whether his speedy-trial rights were violated due to the State's repeated failures to provide the 9-1-1 call. However, because the trial court correctly determined that Brown's speedy-trial rights were violated and dismissed the charges, whether the trial court should have granted a continuance is moot.

**{¶38}** "The concept of mootness on appeal is that there is no meaningful remedy that the appellate court can provide in the event of a reversal." *State v. Grant*, 2016-Ohio-7857, ¶ 20 (1st Dist.), citing *State v. Carr*, 2015-Ohio-2529, ¶ 9 (1st Dist.), citing *State v. Portis*, 2011-Ohio-2429, ¶ 18 (2d Dist.). An appellate court has no duty to decide an issue that is moot "in the sense that the court cannot provide the appellant with any meaningful relief." *Id.*, citing *Miner v. Witt*, 82 Ohio St. 237 (1910).

**{¶39}** Having complied with App.R. 12(1)(a) by affirming the trial court's judgments, even if the court erred in denying the continuance, we cannot provide any meaningful relief to the State. Accordingly, we decline to review the remaining issue presented by the State. *See id.*

## Conclusion

**{¶40}** Having overruled the State's sole assignment of error, we affirm the judgments of the trial court.

Judgments affirmed.

**KINSLEY**, **P.J.,** and **BOCK, J.,** concur.