[Cite as *State v. King*, 2026-Ohio-2393.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250406 |
| | | TRIAL NOS. | 24/CRB/20450/A |
| Plaintiff-Appellant, | : | | 24/CRB/20450/B |
| | | | 24/CRB/20450/C |
| vs. | : | | |
| | | | |
| RAYSHAWN KING, | : | | |
| | | *JUDGMENT ENTRY* | |
| Defendant-Appellee. | : | | |

This cause was heard upon the appeal, the record, the arguments, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgments of the trial court are affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 6/24/2026 per order of the court.**

**By:**_____
     **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,               :       APPEAL NO.    C-250406
                                 TRIAL NOS.    24/CRB/20450/A

     Plaintiff-Appellant,     :                   24/CRB/20450/B
                                               24/CRB/20450/C

   vs.                               :         *O P I N I O N*

RAYSHAWN KING,         :

     Defendant-Appellee.     :

Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: June 24, 2026

*Emily Smart Woerner*, City Solicitor, *Susan M. Zurface*, Chief Prosecuting Attorney, and *Dahkota Parish,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellee.

**NESTOR, Judge.**

{¶1} Defendant-appellee Rayshawn King was arrested on two charges of resisting arrest and one charge of obstructing official business. King filed motions to dismiss, arguing that his statutory speedy trial rights were violated. The trial court agreed and dismissed his charges. The State now appeals the dismissal. Because we conclude that King's statutory speedy trial rights were violated, we affirm the judgments of the trial court.

## I. Factual and Procedural History

{¶2} On November 27, 2024, King was arrested on two counts of resisting arrest in violation of R.C. 2921.33 and one count of obstructing official business in violation of R.C. 2921.31. Resisting arrest and obstruction are second-degree misdemeanors. Police tased King to place him into custody. On December 4, King posted bond and was released from custody.

{¶3} On December 2,[1] prior to his release, King filed a discovery demand. The State did not respond to this demand. On January 17, 2025, King filed a motion to compel. The State filed its discovery response on January 22.

{¶4} On January 16, the trial court continued the case due to illness. The journal entry indicates that time was waived from January 16 to February 12.

{¶5} The case resumed for a pretrial hearing on February 12. At that hearing, defense counsel indicated that while the State had provided some discovery, it failed to provide additional reports related to police use of force. The State indicated that it had the requested reports, and would turn them over "as a courtesy," but did not

---

[1] There are instances in this case where the file stamp date differs from the date reflected in the transcript of the docket and journal. When a document bears a file stamp, we use the file stamp date to determine when the document was filed. If no file stamp appears, we look to the transcript of the docket and journal to determine the filing date.

believe the reports were discoverable under Crim.R. 16. However, the disputed use of force documents were not produced. Defense counsel advised the court that she planned to file a second motion to compel to obtain these documents.

{¶6} On February 14, King filed the second motion to compel, requesting the TASER Report,[2] "Use of Force Report," and evaluation supplement logs. The State opposed the motion.

{¶7} The issue was argued on March 6. Defense counsel indicated that the State had provided the Use of Force Report but had not provided the TASER report or evaluation supplement logs. The State responded that no evaluation supplement logs were completed in this case and therefore it could not produce documents that did not exist.

{¶8} As to the TASER report, however, the State advised the court that it possessed the TASER report but maintained that the report was not discoverable under Crim.R. 16.

{¶9} The trial court took the matter under advisement and continued the case for two weeks to decide the motion to compel.

{¶10} On March 20, the trial court granted the motion to compel. The trial court gave the State until April 22 to produce the TASER report. The State provided the TASER report on April 22.

{¶11} That same day, April 22, the parties appeared for a final pretrial hearing. At this hearing, defense counsel confirmed that the State had produced the TASER Report. The case was scheduled for trial.

---

[2] A TASER report is a report generated by the Cincinnati Police Department when a taser is used during an arrest. During the March 6 hearing, the State explained that the TASER report "indicates the voltage used, the duration that the taser is used for, which officer deployed the taser, which taser was deployed," and "things of that nature."

**{¶12}** On May 12, King filed a motion to dismiss in each case for lack of a statutory speedy trial, arguing that the State had failed to commence trial within 90 days as required by R.C. 2945.71. The State opposed the motions, and the parties argued the motions on June 4.

**{¶13}** On June 24, the trial court granted King's motions to dismiss. The trial court calculated that 104 days had elapsed against the speedy trial clock.

**{¶14}** The State appealed.

## II. Analysis

**{¶15}** In one assignment of error, the State argues that the trial court erred in granting King's motions to dismiss for lack of a statutory speedy trial.

### A. Speedy Trial

**{¶16}** Our review of a speedy trial claim involves a mixed question of law and fact. *State v. Brown*, 2026-Ohio-1541, ¶ 22 (1st Dist.), citing *State v. Jones*, 2025-Ohio-3297, ¶ 8 (1st Dist.). "We defer to the trial court's factual findings if some competent, credible evidence supports them, but we review de novo the court's application of the law to those facts." *Id.*, citing *Jones* at ¶ 8.

**{¶17}** Both the state and federal constitutions guarantee criminal defendants the right to a speedy trial. *State v. Cheatham*, 2021-Ohio-2495, ¶ 10 (1st Dist.), citing Ohio Const., art. I, § 10; U.S. Const., amend. VI.

**{¶18}** Ohio has codified defendants' speedy-trial rights in R.C. 2945.71. *Id.* at ¶ 11. R.C. 2945.71(B)(2) requires the State to bring a defendant charged with a first- or second-degree misdemeanor to trial within 90 days of arrest. *Brown* at ¶ 23. When a defendant is not brought to trial within 90 days, the defendant establishes a prima facie violation of the defendant's speedy trial rights. *Id.* at ¶ 24. The burden then shifts to the State "'to show that actions or events chargeable to the defendant have tolled

enough time so that the defendant was tried within the speedy-trial period.'" *Id.*, quoting *State v. Gage*, 2017-Ohio-8897, ¶ 7 (1st Dist.). R.C. 2945.72 outlines circumstances where the speedy trial clock may be temporarily paused, or tolled. *Gage* at ¶ 8.

**{¶19}** King was arrested on November 27, 2024. The speedy trial clock began to run the following day, on November 28, 2024. *See id.* at ¶ 9 (speedy trial clock begins to run the day after arrest).

### *1. November 28, 2024 – December 2, 2024*

**{¶20}** The period from November 28 to December 2 is not tolled. Under R.C. 2945.71(E), each day during which a defendant is held in jail in lieu of bond is counted as three days for the purposes of computing speedy trial time. *State v. Nicholson*, 2022-Ohio-4598, ¶ 7 (1st Dist.). This "triple count" rule applies only when the defendant is in custody solely on the pending charge. *State v. Sanchez*, 2006-Ohio-4478, ¶ 7, citing *State v. MacDonald*, 48 Ohio St.2d 66 (1976), paragraph one of the syllabus. In other words, the triple count rule will not apply when a defendant is held on other charges. *Id.*

**{¶21}** The State contends that the triple count rule does not apply here, because King was arrested on an outstanding warrant in addition to the three charges in this case. The complaint for one of the resisting arrest charges states that King was arrested pursuant to an outstanding warrant. However, beyond the mere statement in the complaint, the record contains no evidence of any other warrant.

**{¶22}** It is the State's burden to show that King was tried within the speedy trial period. *Brown*, 2026-Ohio-1541, at ¶ 24 (1st Dist.), citing *Gage*, 2017-Ohio-8897, ¶ 7 (1st Dist.). The onus was on the State to provide evidence of any outstanding warrants, and it failed to do so. Accordingly, King is entitled to the triple count rule

for the time he was held in lieu of bond. *See State v. Brewster*, 2004-Ohio-2993, ¶ 4 (1st Dist.) (where the record contained specific evidence of open warrants, the triple count rule did not apply).

**{¶23}** King served five days of pretrial incarceration before filing his initial discovery demand. Applying the triple count rule, 15 days counted against the speedy trial clock.

### 2. December 2, 2024 – February 12, 2025

**{¶24}** The period from December 2, 2024, to February 12, 2025, is tolled. King posted bond and was released from custody on December 4. However, prior to his release, he filed a discovery demand on December 2. Pursuant to R.C. 2945.72(E), discovery demands toll the speedy trial clock. *State v. Brown*, 2022-Ohio-7040, ¶ 18.

**{¶25}** On January 17, because King had yet to receive any discovery from the State, he filed a motion to compel. The State provided discovery on January 22.

**{¶26}** On January 16, the trial court continued the case until February 12 due to the trial court's unavailability. A trial court's sua sponte continuance tolls the speedy trial clock as long as the record reflects that the continuance was reasonable. *State v. Downing*, 2014-Ohio-4029, ¶ 7 (1st Dist.). Here, the journal entry states that the judge was sick.

**{¶27}** This constitutes a reasonable continuance. As such, the speedy trial clock was tolled from December 2, 2024, to February 12, 2025.

### 3. February 12, 2025 – March 6, 2025

**{¶28}** The period from February 12 to March 6 is not tolled. The parties appeared for a pretrial hearing on February 12. Defense counsel indicated that she was missing certain items of discovery, including the TASER report. The State indicated that it had possessed a copy of the TASER report at the February 12 hearing,

and was willing to provide it, but believed the report was not discoverable under Crim.R. 16.

{¶29} King filed a second motion to compel on February 14. The State opposed the motion, arguing that the TASER report was not discoverable under Crim.R. 16. The State reasoned that the information contained in the TASER report was not pertinent to defenses to resisting arrest or obstructing official business. The State also argued that information in the TASER report was duplicative of other items of discovery that the State had already provided.

{¶30} The motion to compel was argued on March 6. The State, again, indicated that it had a copy of the TASER report, but argued that it was not discoverable.

{¶31} It is true that generally, "[a]ny period of delay necessitated by . . . motion . . . made or instituted by the accused" tolls time. R.C. 2945.72(E). However, "the statute states that the 90-day time limit '*may* be extended'" upon the filing of a motion. (Emphasis in original.) *Cheatham*, 2021-Ohio-2495, ¶ 17 (1st Dist.), quoting R.C. 2945.72. "Because the statute says 'may,' it is clear that a defendant's motion . . . does not require speedy-trial time to be tolled." *Id.* Rather, the Supreme Court of Ohio has instructed reviewing courts to "'focus on the underlying source of the delay.'" *Id.*, quoting *State v. Martin*, 2019-Ohio-2010, ¶ 25.

{¶32} The State argues that this period should be tolled because King filed a motion to compel. But "focus[ing] on the underlying source of the delay," we disagree. *See id.* Because "the motion to compel discovery was necessitated by the state's failure to fully comply with [King's] earlier discovery request . . . any delay caused by the motion was not chargeable to him and does not toll the speedy trial time." *See State v. Walker*, 2013-Ohio-3522, ¶ 24 (8th Dist.), citing *State v. Ferrell*, 2010-Ohio-2882,

8

¶ 29 (8th Dist.).

**{¶33}** "The trial court is the tribunal in the best position to assess the underlying facts and supervise the discovery process." *State v. Belville*, 2022-Ohio-3879, ¶ 22. The trial court here did not err in finding that this period should not be tolled.

**{¶34}** Accordingly, during this period, 23 days counted against the speedy trial clock.

### 4. March 6, 2025 – March 20, 2025

**{¶35}** The period from March 6 to March 20 is tolled. During this period, the trial court continued the case to decide the motion to compel. Trial courts are afforded a reasonable amount of time to rule on a motion. *See Sanchez*, 2006-Ohio-4478, at ¶ 27.

**{¶36}** Accordingly, the time from March 6 to March 20 is tolled.

### 5. March 20, 2025 – April 22, 2025

**{¶37}** The period from March 20 to April 22 is not tolled. On March 20, the trial court granted King's motion to compel and ordered that the State produce the remaining discovery by April 22. It is unclear why the State did not simply hand over the disputed TASER report on March 20.

**{¶38}** The Supreme Court of Ohio has held that the State is afforded a reasonable time to comply with discovery requests. *Belville*, 2022-Ohio-3879, at ¶ 21. "What is reasonable will necessarily be a case-by-case determination and depend on the totality of the circumstances[]" including "the good or bad faith of the state[.]" *Id.*

**{¶39}** The trial court gave the State until April 22 to produce the TASER report. The State produced the TASER report at the very last minute, on April 22. Given that the State confirmed that it had the TASER report as early as February 12

9

and failed to produce it until the filing of a motion to compel and the court's order, it was not reasonable to delay the production while the speedy trial clock was running.

**{¶40}** The time in this period is chargeable to the State. From March 20 to April 22, 33 days counted against the speedy trial clock.

### 6. April 22, 2025 – May 12, 2025

**{¶41}** The time from April 22 to May 12 is not tolled. After the State provided the TASER report, King did not waive his speedy trial rights. The trial court found, and the parties agree, that the time from April 22 to May 12 was chargeable to the State.

**{¶42}** Accordingly, 20 days counted against the speedy trial clock during this period.

### 7. May 12, 2025 – June 24, 2025

**{¶43}** Time from May 12 to June 24 is tolled. On May 12, King filed a motion to dismiss in each case for lack of a statutory speedy trial. When a defendant files a motion to dismiss, the speedy trial clock is tolled. *State v. Holden*, 2016-Ohio-7042, ¶ 15 (1st Dist.), citing R.C. 2945.72(E).

**{¶44}** The parties argued the motion to dismiss on June 4, and the trial court granted the motion on June 24. The clock remained tolled during this period to afford the trial court a reasonable time to rule on the motion. *See Sanchez*, 2006-Ohio-4478, at ¶ 27.

**{¶45}** The time between May 12 and June 24 is tolled.

### III. Conclusion

**{¶46}** We calculate that 91 days elapsed against the speedy trial clock, which is one day in excess of the 90 days in which the State was required to bring King to trial.

**{¶47}** The trial court calculated that 104 days of time had elapsed. Although we reach a different calculation, we need not reverse or remand, because the trial court reached the correct conclusion that King's speedy trial rights were violated. *See Colerain Twp. Bd. of Trustees v. Bench Billboard Co.*, 2020-Ohio-4684, ¶ 14 (1st Dist.), quoting *Widlar v. MatchMaker Internatl.*, 2002-Ohio-2836, ¶ 18 (6th Dist.) ("[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial." (Emphasis omitted.)).

**{¶48}** Therefore, we affirm the trial court's judgments granting King's motions to dismiss. The State's assignment of error is overruled.

Judgments affirmed.

**CROUSE, P.J,** and **MOORE, J.,** concur.